BARFIELD, Judge.
We find no reversible error in the admission of Williams Rule evidence during appellant’s trial. The other rulings by the trial court addressed to the search warrant are affirmed.
However, contrary to the trial court’s conclusion, the habitual offender and sentencing guidelines statutes are not separate sentencing mechanisms. Rather, the two work together such that the habitual offender statute, section 775.084, Florida Statutes, may be used to increase the statutory maximum sentence and, where the guidelines sentence is within the enhanced penalty, the trial judge may impose a guidelines sentence. Where the sentence imposed exceeds the recommended sen *1032 tence, even under the enhanced penalty, the trial court must then give clear and convincing reasons for departure, based on factors other than the habitual offender status of the defendant. Hester v. State, 503 So.2d 1342 (Fla. 1st DCA), approved in part, 520 So.2d 273 (Fla.1988); Holmes v. State, 502 So.2d 1302 (Fla. 1st DCA), review granted, Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986). Therefore, the sentence imposed in this case was erroneous as the trial court failed to offer any reasons for departure. The sentence is REVERSED and the case is REMANDED for resentencing.
ERVIN and JOANOS, JJ., concur.