560 So.2d 1260 (1990)
Michael Brian OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1798.
District Court of Appeal of Florida, First District.
April 12, 1990.
Rehearing Denied June 1, 1990.
Michael E. Allen, Public Defender; David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
Appellant Michael Brian Owens appeals from a five-year sentence imposed pursuant to the habitual offender statute, section 775.084, Florida Statutes (Supp. 1988). For the reasons stated below, we affirm.
The record on appeal indicates that appellant was convicted of one count of possession of a firearm by a convicted felon, alleged to have occurred in January 1989, and was found after trial to be a habitual felony offender. The trial court then sentenced appellant to a term of five years incarceration, despite a presumptive guideline sentence of any nonstate prison sanction. Appellant claims on appeal that the trial court erroneously imposed the five-year sentence without supplying written reasons for departing from the sentencing guidelines.
*1261 In Whitehead v. State, 498 So.2d 863 (Fla. 1986), the Florida Supreme Court examined both the habitual offender statute and the sentencing guidelines in an attempt to reconcile the two. The court reached two conclusions: (1) that in light of the clear language of section 921.001(4)(a), Florida Statutes,[1] the provisions of the habitual offender statute were not exempt from the sentencing guidelines; and (2) that a defendant's habitual offender status could not be used as a reason for departure. In Miller v. State, 524 So.2d 1031 (Fla. 1st DCA 1987), this court found that the habitual offender statute and the sentencing guidelines "worked together" such that the habitual offender statute could be used to increase the statutory maximum sentence. Where the sentence imposed by the trial court exceeded the recommended guideline sentence, however, the trial court was still required to provide written reasons for its departure. Both the Miller and Whitehead decisions involved the 1985 version of section 775.084, and have been consistently applied as well to the 1987 statute.
Effective October 1, 1988, section 775.084 was substantially rewritten by the Legislature. Among the changes made to the earlier version, the Legislature added to the 1988 statute subsection (4)(e), which reads as follows:

A sentence imposed under this section shall not be subject to the provisions of s.921.001. The provisions of chapter 947 shall not be applied to such person. A defendant sentenced under this section shall not be eligible for gain-time granted by the Department of Corrections except that the department may grant up to 20 days of incentive gain-time each month as provided for in s.944.275(4)(b).
(emphasis supplied). The statute was further amended in 1989, but the above language in subsection (4)(e) was retained.
Under the plain language of section 775.084(4)(e), Florida Statutes (1988), we find that the trial court in this case was not required to provide written reasons for imposing a sentence in excess of the presumptive guideline sentence once he determined that the appellant fit the statutory definition of a habitual felony offender.[2] Just as section 921.001(4)(a), Florida Statutes exempts capital felonies as well as capital and life felonies committed prior to October 1, 1983 where the defendant has not specifically elected a guideline sentence, section 775.084(4)(e) exempts sentences imposed under the amended habitual offender statute from the operation of the sentencing guidelines. See also King v. State, 557 So.2d 899 (Fla. 5th DCA 1990).
Accordingly, the sentence imposed by the trial court is hereby AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] Section 921.001(4)(a), Florida Statutes, provides, in part:

The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.
[2] Appellant does not allege on appeal that the trial court improperly found him to be a habitual felony offender.