577 So.2d 624 (1991)
Jesse Franklin HOLLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-620.
District Court of Appeal of Florida, First District.
March 21, 1991.
Rehearings Denied May 1, 1991.
*625 Jesse F. Holley, pro se.
William B. Caudle, II, of The Morton Law Center, Milton, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., for appellee.
WENTWORTH, Senior Judge.
Appellant challenges his sentencing as an habitual violent felony offender after his conviction for burglary of a dwelling while armed, grand theft, and two counts of grand theft of a firearm. Sentences were also imposed upon the revocation of probation for aggravated assault, delivery of marijuana, and trespassing. We find no error with regard to the court's decision to sentence appellant as an habitual violent felony offender.
Appellant was previously convicted of aggravated assault, which is an enumerated predicate offense for habitual violent felony offender sentencing. See section 775.084(1)(b)1.f, Florida Statutes. Appellant's constitutional challenges to the habitual offender statute, section 775.084, Florida Statutes, are without merit. See Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990). In sentencing appellant as an habitual offender, the court was not required to utilize a sentencing guidelines scoresheet since habitual offender sentencing is by statute exempted from sentencing guidelines procedures. See Owens v. State, 560 So.2d 1260 (Fla. 1st DCA 1990); section 775.084(4)(e), Florida Statutes.
Although no cross appeal has been filed, the state argues that the court should have imposed certain mandatory minimum sentences in accordance with statutory requirements. We do not address that issue because in these circumstances appellee must file a cross appeal in order to present that issue for review. See Fla.R.App.P. 9.210(c). Nevertheless, the state is free to raise its argument before the trial court by way of a motion under Fla.R.Crim.P. 3.800.
Affirmed.
BOOTH and MINER, JJ., concur.