579 So.2d 877 (1991)
Bobby ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-563.
District Court of Appeal of Florida, First District.
May 24, 1991.
Nancy Daniels, Public Defender, Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Virlindia Doss, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals a judgment and sentence entered upon his conviction of escape. We affirm.
We find the points raised by appellant to be without merit. With one exception, his assertions that section 775.084, Florida Statutes (Supp. 1988), is unconstitutional *878 have previously been rejected by this court in numerous cases, including Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990); Henderson v. State, 569 So.2d 925 (Fla. 1st DCA 1990); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990); and Holley v. State, 577 So.2d 624 (Fla. 1st DCA 1991). See also King v. State, 557 So.2d 899 (Fla. 5th DCA 1990). However, one of his constitutional challenges to that statute has not previously been resolved and therefore merits discussion.
Appellant contends that substantive due process rights are violated when a defendant is classified as a violent felony offender pursuant to section 775.084, and thereby subjected to an extended term of imprisonment, if he has been convicted of an enumerated violent felony within the previous five years even though his present offense is a nonviolent felony. He asserts that to enhance a defendant's sentence for a nonviolent felony is not a reasonable means which bears a rational relationship to the legitimate goal of providing society added protection against violent individuals. As in Henderson, appellant has failed to present convincing argument that the statute bears no rational relationship in this respect to its purported purpose. In our view, just as the state is justified in punishing a recidivist more severely than it punishes a first offender[1], its even more severe treatment of a recidivist who has exhibited a propensity toward violence is also reasonable. Therefore, we reject appellant's argument that section 775.084, Florida Statutes (Supp. 1988), does not serve a legitimate state interest in this respect by utilizing a means reasonably related to achieve the intended purpose.
AFFIRMED.
ERVIN, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] Barber; King.