589 So.2d 385 (1991)
Robert LEFTWICH, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2964.
District Court of Appeal of Florida, First District.
November 13, 1991.
Nancy A. Daniels, Public Defender, Chrysa M. Iler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., for appellee.
KAHN, Judge.
Leftwich, an inmate at the New River West Annex of the Florida State Prison, appeals his sentence after conviction on the charge of possession of contraband by an inmate. Leftwich does not dispute the facts, which indicate that he was on the receiving end of a plan to smuggle marijuana into the prison grounds. The jury convicted Leftwich of the charge and the circuit court sentenced him, as a habitual violent felony offender, to 30 years in prison with a ten-year minimum mandatory sentence. Leftwich now claims that the habitual offender statute is unconstitutional on its face, and further that his 30-year sentence constitutes cruel and unusual punishment in violation the Eighth Amendment to the U.S. Constitution. We affirm the sentence.
The habitual offender statute is constitutional. Appellant's claim that the habitual offender statute bears no rational relationship to its purpose, since his present offense is a nonviolent felony, has *386 been rejected by this court. Ross v. State, 579 So.2d 877 (Fla. 1st DCA 1991). His claim that the statute places him in double jeopardy by punishing him again for an earlier conviction has similarly been rejected. Barber v. State, 564 So.2d 1169 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 284 (1990); Love v. State, 569 So.2d 807 (Fla. 1st DCA 1990).
Leftwich's criminal history, consisting of two convictions for burglary of a dwelling, two convictions for escape, a conviction for aggravated battery with a weapon, and a conviction for first degree robbery, capped off by his present conviction for possession of marijuana on the grounds of a prison, illustrate the wisdom of this court's words in Ross, supra: "In our view, just as the state is justified in punishing a recidivist more severely than it punishes a first offender, its even more severe treatment of a recidivist who has exhibited a propensity toward violence is also reasonable." 579 So.2d at 878.
Leftwich next complains that this 30-year sentence is disproportionately severe, and constitutes cruel and unusual punishment, contrary to the Eighth Amendment. Leftwich clearly fits the parameters for sentencing under the habitual violent felony offender statute. The length of the sentence actually imposed is generally said to be a matter of legislative prerogative. Rummel v. Estelle, 445 U.S. 263, 274, 100 S.Ct. 1133, 1139, 63 L.Ed.2d 382 (1980). In Harmelin v. Michigan, ___ U.S. ___, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the Supreme Court rejected an argument that a mandatory life sentence without possibility of parole was "disproportionate" under the Eighth Amendment to the actual drug offense for which Harmlein was convicted. See also, Hutto v. Davis, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (upholding a 40-year sentence for possession with intent to distribute nine ounces of marijuana).
The sentence determined by the trial court is appropriate under § 775.084(4)(b)1, Florida Statutes (1989), and reflects the considered response of the trial court to Leftwich's criminal history, and his utter disdain for a system of law with which he is all too familiar.
BOOTH and WOLF, JJ., concur.