592 So.2d 1266 (1992)
Robert Alton BECKER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1320.
District Court of Appeal of Florida, First District.
February 7, 1992.
Nancy A. Daniels, Public Defender, Nada M. Carey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
We affirm the habitual violent felony offender sentence imposed upon appellant following his conviction for burglary of a *1267 dwelling, a second-degree felony. We reject appellant's constitutional challenges to the habitual violent felony offender provision as well as his argument that an enhanced sentence may not be imposed for a non-violent offense. See Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991); Henderson v. State, 569 So.2d 925 (Fla. 1st DCA 1990). As was done in Reeves v. State, 593 So.2d 232 (Fla. 1st DCA 1992), we certify to the Florida Supreme Court the following questions of great public importance:
(1) DOES SECTION 775.084, FLORIDA STATUTES (1989), AUTHORIZE HABITUAL FELON SENTENCING FOR A CRIMINAL DEFENDANT WHO HAS PREVIOUSLY BEEN CONVICTED OF A VIOLENT OFFENSE ENUMERATED IN THE STATUTE, BUT WHO IS CURRENTLY BEING SENTENCED FOR A NON-VIOLENT OFFENSE?
(2) IF SECTION 775.084, FLORIDA STATUTES (1989), AUTHORIZES HABITUAL FELON SENTENCING FOR A CRIMINAL DEFENDANT WHO IS CURRENTLY BEING SENTENCED FOR A NON-VIOLENT OFFENSE, DOES THE STATUTE VIOLATE THE CONSTITUTIONAL PRINCIPLES OF EQUAL PROTECTION, DUE PROCESS, DOUBLE JEOPARDY, OR EX POST FACTO?
SHIVERS, BOOTH and MINER, JJ., concur.