KAHN, Judge.
Appellant challenges his sentence on the grounds that (1) the habitual offender and habitual violent felony offender statutes violate due process, equal protection and double jeopardy, and (2) the imposition of two 25 year habitual violent felony offender sentences, each with a mandatory minimum sentence of 10 years to run consecutively for the sale and possession of cocaine, constitutes cruel or unusual punishment under Article I, Section 17 of the Florida Constitution. We affirm the sentence.
This court has rejected appellant’s constitutional challenges to the habitual offender and habitual violent felony offender provisions. Barber v. State, 564 So.2d 1169, 1171 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 284 (Fla.1990); Love v. State, 569 So.2d 807 (Fla. 1st DCA 1990); Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991), jurisdiction accepted, 590 So.2d 421 (Fla.1991), review pending, No. 78,613; Ross v. State, 579 So.2d 877 (Fla. 1st DCA 1991), jurisdiction accepted, 589 So.2d 292 (Fla.1991), review pending, No. 78,179; and Tillman v. State, 586 So.2d 1269 (Fla. 1st DCA 1991) (certifying question), review pending, No. 78,715 (Fla.1991); Raulerson v. State, 589 So.2d 369 (Fla. 1st DCA 1991), jurisdiction accepted, 593 So.2d 1052 (Fla.1992), review pending, No. 79,051; Becker v. State, 592 So.2d 1266 (Fla. 1st DCA 1992) (question certified); Reeves v. State, 593 So.2d 232 (Fla. 1st DCA 1992) (question certified). Again, however, pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, we certify the following questions to be of great public importance:
1. Does it violate a defendant’s substantive due process rights when he is classified as a violent felony offender pursuant to section 775.084, and thereby subjected to an extended term of imprisonment, if he has been convicted of an enumerated violent felony within the previous five years, even though his present offense is a nonviolent felony?
2. Does section 775.084(l)(b) violate the constitutional protection against double jeopardy by increasing a defendant’s punishment due to the nature of a prior offense?
*1229 Appellant argues that regardless of the constitutionality of the statute, the imposition of 50 years of prison time, with 20 years mandatory incarceration, constitutes cruel and unusual punishment, in light of his claim that his convictions resulted from sale of a small piece of crack cocaine to a confidential informant. We rejected this argument in Leftwich v. State, 589 So.2d 385 (Fla. 1st DCA 1991). In Leftwich, we explained that the length of the sentence actually imposed is generally said to be a matter of legislative prerogative and noted that appellant clearly fit within the parameters for sentencing under the habitual violent offender statute. The court cited to Harmelin v. Michigan, — U.S.-, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), wherein the Supreme Court rejected its earlier holding in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983),[1] that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. The Supreme Court in Harme-lin explained that the Cruel and Unusual Punishment Clause was intended to act as a check on the ability of the legislature to authorize particular modes of punishment rather than a guarantee against disproportionate sentences. See Harmelin (mandatory life sentence without possibility of parole for drug offense); Hutto v. Davis, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (40 year sentence for possession with intent to distribute nine ounces of marijuana); Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (life imprisonment under Texas recidivist statute upon being convicted for his third felony, obtaining $120.75 by false pretenses, is not cruel and unusual punishment).
Appellant contends that Florida’s prohibition against “cruel or unusual” punishment, in Article I, Section 17 of the Florida Constitution, is distinguishable from the federal constitution’s prohibition against “cruel and unusual punishment” based on the disjunctive “or” between terms “cruel” and “unusual”. However, appellant cites no authority for his assertion that the “cruel or unusual” punishment clause in the Florida Constitution requires (or allows) proportionality review in non-death penalty cases.
AFFIRMED, with questions certified.
ERVIN and WIGGINTON, JJ., concur.

. Although several Florida cases have acknowledged the Solem proportionality test, many of those cases limit the scope of Solem and all of those cases were decided before Harmelin which overruled Solem. Long v. State, 558 So.2d 1091, 1092 (Fla. 5th DCA 1990) (even if Solem is applicable because burglary is nonviolent felony, punishment does not meet criteria for proportionality analysis); State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989) (distinguishing Solem from the Florida statute based on fact that Florida statute does not foreclose the possibility of rehabilitation and gain time), approved by, 558 So.2d 1 (Fla.1990); State v. Nickerson, 541 So.2d 725 (Fla. 1st DCA 1989) (trial court could not depart downward on basis that guidelines sentence was disproportionate); Vickery v. State, 539 So.2d 499 (Fla. 1st DCA 1989) (uniqueness of conduct proscribed by Florida’s RICO Act makes it difficult — if not impossible— to apply the Solem proportionality analysis), rev. denied, 549 So.2d 1014 (Fla.1989); Kendry v. State, 517 So.2d 78 (Fla. 1st DCA 1987) (notwithstanding the harshness of the penalty, nothing in Solem would mandate a result contrary to prior case law which has consistently upheld mandatory minimum sentences against constitutional challenges); Mick v. State, 506 So.2d 1121 (Fla. 1st DCA 1987), and Bloodworth v. State, 504 So.2d 495 (Fla. 1st DCA 1987) (both found Solem applies only to non-violent felonies).