PER CURIAM.
This cause is before us on appeal and cross appeal from a judgment and sentence following jury trial and conviction of possession of cocaine. The trial court adjudged defendant to be a habitual violent felony offender and sentenced him to ten year’s imprisonment. We affirm as to all issues raised. However, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), and in accord with recent *935 decisions of this court, we certify the following questions to be of great public importance:
(1) WHETHER IMPOSITION OF HABITUAL VIOLENT FELONY OFFENDER SENTENCING PURSUANT TO SECTION 775.084, FLORIDA STATUTES, VIOLATES A DEFENDANT’S SUBSTANTIVE DUE PROCESS RIGHTS WHEN THE DEFENDANT HAS PREVIOUSLY BEEN CONVICTED OF AN ENUMERATED VIOLENT FELONY, BUT HIS PRESENT OFFENSE IS A NONVIOLENT FELONY; AND
(2) WHETHER SECTION 775.084, FLORIDA STATUTES, VIOLATES THE CONSTITUTIONAL PROHIBITION AGAINST DOUBLE JEOPARDY BY INCREASING A DEFENDANT’S PUNISHMENT DUE TO THE NATURE OF A PRIOR OFFENSE.
Reeves v. State, 593 So.2d 232 (Fla. 1st DCA 1992); Becker v. State, 592 So.2d 1266 (Fla. 1st DCA 1992); Raulerson v. State, 589 So.2d 369, 370 (Fla. 1st DCA 1991), jurisdiction accepted, 593 So.2d 1052 (Fla.1992), review pending, No. 79,051; Tillman v. State, 586 So.2d 1269 (Fla. 1st DCA 1991), review pending, No. 78,715 (Fla.1991); Perkins v. State, 583 So.2d 1103, 1104 (Fla. 1st DCA 1991), jurisdiction accepted, 590 So.2d 421 (Fla.1991), review pending, No. 78,613.
AFFIRMED.
BOOTH, SMITH and ALLEN, JJ., concur.