PER CURIAM.
Appellant, Wallace L. Williams, Jr., appeals his conviction for sale, purchase, manufacture or delivery of cocaine within 1,000 feet of a school and habitual felony offender sentence of life imprisonment without possibility of parole. We affirm appellant’s conviction but remand the case to the trial court for resentencing.
As to the first issue raised on appeal, we find that the trial judge did not abuse his discretion in denying defense counsel’s request for a jury view of the crime scene. We also reject appellant’s argument that a sentence of life imprisonment in this case constitutes cruel or unusual punishment under Article I, Section 17 of the Florida Constitution. This court has recently decided this issue adversely to appellant’s position in Hale v. State, 600 So.2d 1228 (Fla. 1st DCA 1992), rejecting the argument that the “cruel or unusual” punishment clause in the Florida Constitution requires (or allows) proportionality review in non-death penalty cases.
Although we affirm appellant’s conviction, we note that the Florida Supreme Court has ruled that sentencing under Section 775.084(4)(a)l. is permissive, not mandatory. Burdick v. State, 594 So.2d 267 (Fla.1992). As we are unable to discern whether the trial court was aware of his discretionary power in sentencing, we remand the case for resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
SHIVERS, MINER and ALLEN, JJ., concur.