630 So.2d 534 (1993)
Wallace L. WILLIAMS, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 81592.
Supreme Court of Florida.
November 24, 1993.
Rehearing Denied January 28, 1994.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Chief, Appellate Div. and Glen P. Gifford, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Asst. Atty. Gen. and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Williams v. State, 614 So.2d 1108 (Fla. 1st DCA 1992), in which the district court certified the following question as one of great public importance: "Does article I, section 17 of the Florida Constitution permit an appellate court to undertake proportionality review of a non-death penalty sentence?" Id. at 1109. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve in part and quash in part the district court's decision.
While we find no error in the district court's affirmance of petitioner's conviction or its reversal of his sentence with a remand for resentencing, we quash that portion of the district court's decision which held that there can be no "proportionality review" of criminal penalties other than death under article I, section 17 of the Florida Constitution. 614 So.2d at 1109. On the authority of Hale v. State, 630 So.2d 521 (Fla. 1993), we hold that there can be such review in a proper case. In view of the fact that the district court reversed petitioner's sentence and remanded for resentencing, we find it unnecessary to reach petitioner's argument that his sentence constituted "cruel or unusual punishment" under article I, section 17. We remand this case to the district court for further proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.