SHIVERS, Senior Judge.
Freddie Douglas Burch appeals the trial court’s order denying his rule 3.850 Motion For Post>-Conviction Relief. In his motion, Burch raises seven grounds, only one of which merits discussion. Specifically, Burch argues that the trial court erred in the computation of his sentencing guidelines score-sheet and that the trial court erred in using multiple scoresheets. We remand to the trial court for further consideration.
Burch was found guilty by a jury of the 1987 offenses of robbery and escape. He was sentenced as an habitual felony offender to 30 years in prison for the robbery and to 10 years in prison for the escape, the sentences to run consecutively.
In its order denying Burch’s rule 3.850 motion, the trial court stated that alleged errors with regard to the sentencing guidelines scoresheet were not reviewable because Burch was sentenced under the habitual felony offender statute and not under the sentencing guidelines. We disagree with the trial court’s conclusions.
Prior to the legislature’s substantial rewriting of section 775.084, which was effective October 1, 1988, the provisions of the habitual offender statute were not exempt from the requirements of the sentencing guidelines. Whitehead v. State, 498 So.2d 863, 865 (Fla.1986). In other words, prior to the changes in 1988,[1] the habitual offender and sentencing guidelines statutes were not separate sentencing mechanisms. Miller v. State, 524 So.2d 1031 (Fla. 1st DCA 1987). Rather, this Court stated that the habitual offender statute
may be used to increase the statutory maximum sentence and, where the guidelines sentence is within the enhanced penalty, the trial judge may impose a guidelines sentence. Where the sentence imposed exceeds the recommended sentence, even under the enhanced penalty, the trial court *96 must then give clear and convincing reasons for departure, based on factors other than the habitual offender status of the defendant.
Id. at 1031-32. Both the Miller and the Whitehead decisions involved the 1985 statute, but their rationale has been consistently applied to the 1987 version of the habitual offender statute as well. Owens v. State, 560 So.2d 1260, 1261 (Fla. 1st DCA 1990). In the instant case, Burch committed his offenses in 1987 and was sentenced under the 1987 version of the habitual offender statute. At that time, the sentencing guidelines statutes “worked together” with the habitual offender statute and did not constitute a sentencing mechanism separate from the habitual offender statutes.
Burch argues that the sentencing court erred in the computation of his sentencing guidelines scoresheet and in erroneously using multiple scoresheets. Incorrect calculations in a sentencing guideline score-sheet may by corrected at any time. Fla.R.Crim.P. 3.800(a); State v. Whitfield, 487 So.2d 1045 (Fla.1986). Such errors could result in an illegal sentence, which may be corrected by filing a rule 3.800(a) motion to correct an illegal sentence or by filing a rule 3.850 motion for post-conviction relief. Wiley v. State, 604 So.2d 6 (Fla. 1st DCA 1992); Brown v. State, 508 So.2d 522, 523 n. 2 (Fla. 2d DCA 1987) (trial court has authority to correct a sentence pursuant to Rule 3.800(a) in the circumstances where rule 3.850 has been invoked).
In the instant case, the trial court failed to address the issues of the sentencing guideline scoresheet errors; the court, in denying relief on this ground, did not attach portions of the record that would demonstrate that Burch was entitled to no relief and did not hold an evidentiary hearing to determine whether the scoresheet did contain errors and, if it did, what effect that error had on Burch’s sentence or whether Burch would have received the same sentence notwithstanding the alleged scoresheet error. See Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987).
Accordingly, we reverse the trial court’s order denying Burch’s rule 3.850 motion on this issue and remand for an evidentiary hearing or for attachments of the record that would conclusively show that Burch is entitled to no relief.
MICKLE and LAWRENCE, JJ., concur.

. After the 1988 changes to the habitual offender statute, if a defendant was sentenced as an habitual offender, the court was not required to utilize a sentencing guideline scoresheet because the new section 775.084(4)(e) exempted habitual offender sentencing from the sentencing guidelines procedures. Holley v. State, 577 So.2d 624, 625 (Fla. 1st DCA 1991).