PER CURIAM.
Todd Howard appeals from an order denying his motion for postconviction relief. Appellant filed his motion pursuant to Florida Rules of Criminal Procedure 3.850 and 3.800(a). The trial court correctly concluded that appellant failed to timely file the motion with respect to the rule 3.850 issues. However, appellant timely raised four issues under the provisions of rule 3.800(a). As to those issues, we find no merit in appellant’s challenge of the constitutionality of section 775.084, Florida Statutes (1989), nor in his contention that the trial court erred in not using a sentencing guidelines scoresheet. See Reeves v. State, 612 So.2d 560 (Fla.1992); § 775.084(4)(e), Fla.Stat. (1989); Holley v. State, 577 So.2d 624 (Fla. 1st DCA 1991). We find merit in appellant’s claim that the trial court erred when it imposed consecutive habitual offender sentences and consecutive mandatory minimum sentences and erred in entering written sentencing orders that did not conform to its pronouncement of sentence.
The trial court adjudicated appellant guilty on two counts of robbery of the driver and passenger of a vehicle and one count of carrying a concealed firearm. The state concedes that appellant’s convictions arose from one criminal episode. Therefore, we hold that the trial court erred when it sentenced appellant as a habitual violent felony offender to consecutive thirty-year terms. See Brooks v. State, 630 So.2d 527 (Fla.1993); Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. —, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994); Koon v. State, 640 So.2d 1226 (Fla. 2d DCA 1994). We further hold that the trial court erred when it imposed consecutive mandatory minimum sentences pursuant to section 775.084(4)(b), Florida Statutes (1989), the habitual offender statute. See Daniels v. State, 595 So.2d 952 (Fla.1992); Austin v. State, 625 So.2d 1316 (Fla. 4th DCA 1993).
Appellant also correctly argues that the trial court erred when it failed to sentence him in accord with its pronouncement of sentence. Although the trial court stated in open court that it would sentence appellant as a habitual violent felony offender to two consecutive thirty-year terms with two consecutive ten-year mandatory mínimums, it later issued several orders that conflicted with each other and the open-court declaration of sentence. Therefore, we must remand this case for the trial court to conform the written orders to its pronouncement of sentence. See Allen v. State, 640 So.2d 1198 (Fla. 4th DCA 1994); Bartlett v. State, 638 So.2d 631 (Fla. 4th DCA 1994).
Accordingly, we reverse and remand this cause with instructions for the trial court to conform the written sentencing orders to its open-court declaration of sentence and to order that the habitual offender sentences and the mandatory minimum sentences run concurrently. The trial court’s order denying appellant’s motion for postconviction relief pursuant to rule 3.850 is affirmed.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, C.J., and KLEIN and PARIENTE, JJ., concur.