577 So.2d 725 (1991)
Berlie DANIELS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 90-746.
District Court of Appeal of Florida, First District.
April 15, 1991.
Louis O. Frost, Jr., Public Defender and James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen. and William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant Daniels asserts that the trial court erred: (1) in imposing three consecutive 15-year minimum mandatory sentences for offenses which arose from the same incident; (2) in denying his motions for judgment of aquittal; and (3) in permitting improper comments in the presence of the jury. We AFFIRM each of the three points raised but certify the following question, on the first point, as one of great public importance:
GIVEN THE LEGISLATIVE INTENT UNDERLYING CHAPTER 88-131, LAWS OF FLORIDA, AND THE COURT'S DECISIONS IN STATE V. ENMUND, 476 So.2d 165 (FLA. 1985), AND STATE V. BOATWRIGHT, 559 So.2d 210 (FLA. 1990), DOES A TRIAL JUDGE HAVE THE DISCRETION, UNDER SECTIONS 775.021(4) AND 775.084, FLORIDA STATUTES (SUPP. 1988), TO IMPOSE CONSECUTIVE LIFE TERMS, EACH WITH A FIFTEEN YEAR MINIMUM MANDATORY TERM OF INCARCERATION, FOR FIRST DEGREE FELONIES COMMITTED *726 BY AN HABITUAL VIOLENT FELONY OFFENDER?
WIGGINTON, MINER and WOLF, JJ., concur.