630 So.2d 521 (1993)
Willie Frank HALE, Petitioner,
v.
STATE of Florida, Respondent.
No. 80242.
Supreme Court of Florida.
October 14, 1993.
Rehearing Denied February 9, 1994.
*522 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Chief, Appellate Div. and Glen P. Gifford, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Bureau Chief, Asst. Atty. Gen. and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
We have for review Hale v. State, 600 So.2d 1228 (Fla. 1st DCA 1992), in which the district court certified the following questions as being of great public importance:
1. Does it violate a defendant's substantive due process rights when he is classified as a violent felony offender pursuant to section 775.084, and thereby subjected to an extended term of imprisonment, if he has been convicted of an enumerated violent felony within the previous five years, even though his present offense is a nonviolent felony?
2. Does section 775.084(1)(b) violate the constitutional protection against double jeopardy by increasing a defendant's punishment due to the nature of a prior offense?
Id. at 1228.[1] There are three sets of issues presented in this case: (1) the certified questions; (2) whether Hale was improperly sentenced to consecutive terms of imprisonment; and (3) whether the sentences imposed constitute cruel or unusual punishment. We answer the certified questions in the negative in accordance with our decision in Tillman v. State, 609 So.2d 1295 (Fla. 1992). We also find that the district court erred in upholding the imposition of consecutive sentences and order that the sentences run concurrently. Finally, we hold that the concurrent sentences that we herein order be imposed do not constitute cruel or unusual punishment.
The relevant facts show that Hale was charged with: (1) the sale of cocaine, and (2) the possession of cocaine with intent to sell after he sold a small quantity of cocaine to a confidential informant. The case went to trial and the jury found Hale guilty on both counts. The State filed a notice of intent to have Hale sentenced as a habitual violent felony offender under section 775.084(1)(b), Florida Statutes (1991),[2] asserting that Hale *523 had been convicted of aggravated assault in 1989, as well as other felonies. The aggravated assault judgment, as well as the other judgments, were entered into evidence without objection. The court found Hale to be a habitual violent felony offender under section 775.084(1)(b), Florida Statutes (1991). The sentencing scoresheet provided a recommended range of four-and-one-half to five-and-one-half years; however, because Hale was found to be a habitual violent felony offender, the trial judge had the discretion to sentence Hale to a maximum of thirty years per count, with each count carrying a ten-year minimum mandatory sentence. See § 775.084(4)(b), Fla. Stat. (1991). The court sentenced Hale to two consecutive twenty-five year habitual violent felony offender terms, one term for the conviction on the charge of sale of cocaine and another term for the conviction on the charge of possession of the same cocaine, with each sentence carrying a ten-year minimum mandatory sentence. Accordingly, Hale would serve a minimum of twenty years before being eligible for parole.
On appeal to the First District Court of Appeal, Hale argued that: (1) enhancing his sentence under section 775.084 violates due process, double jeopardy, and equal protection; and (2) imposing consecutive twenty-five year sentences, with the resulting twenty-year minimum mandatory sentence, constitutes cruel or unusual punishment as prohibited by article I, section 17, of the Florida Constitution. The district court held that Hale's sentence as a habitual violent felony offender did not violate Hale's substantive due process rights, nor did it constitute double jeopardy. The district court then certified the same questions it had previously certified in Tillman.
The district court in this case also rejected Hale's argument that his consecutive sentences constituted cruel or unusual punishment under the Florida Constitution. The district court concluded that there was "no authority for [Hale's] assertion that the `cruel or unusual' punishment clause in the Florida Constitution requires (or allows) proportionality review in non-death penalty cases." Hale, 600 So.2d at 1229.
We examine each of these issues in turn.

Certified Questions
In Tillman, we rejected the due process claim, finding that the legislature could constitutionally "provide longer sentences for criminals who commit felonies and have previously been convicted of a violent felony." 609 So.2d at 1297. We also rejected the double jeopardy claim, citing our decision in Eutsey v. State, 383 So.2d 219 (Fla. 1980), and the First District's decision in Henderson v. State, 569 So.2d 925 (Fla. 1st DCA 1990). In rejecting these claims in Tillman, we stated that
the sentence imposed for a subsequent offense is enhanced on the theory that the defendant's prior conviction of a violent felony indicates the `incorrigible and dangerous character of the accused and establish[es] the necessity for enhanced restraint. In this sense, therefore, the enhanced punishment is incident to the last offense alone, but for which it would not be imposed.'
609 So.2d at 1298 (quoting Henderson, 569 So.2d at 927) (alteration in original). For the *524 reasons expressed in Tillman, we answer the certified questions in the negative.

Consecutive Sentences
The next issue is whether the trial court erred in imposing consecutive rather than concurrent sentences. Hale did not raise this issue before the district court because the law in the First District at the time allowed consecutive habitual offender minimum mandatory sentences. See Daniels v. State, 577 So.2d 725 (Fla. 1st DCA 1991), quashed, 595 So.2d 952 (Fla. 1992). Because we quashed the district court's decision in Daniels, Hale is entitled to raise the issue in these proceedings.
Hale asserts that our decision in Daniels requires a reversal of the trial court's imposition of consecutive minimum mandatory sentences. We agree. Daniels is persuasive authority although that case involved a different enhancement statute. In Daniels, the defendant was convicted of three separate crimes, all of which arose from the same criminal episode. Daniels, 595 So.2d at 953. The statutes which prescribed the sentence for each crime did not provide for minimum mandatory sentences; however, because Daniels was found to be a habitual violent felony offender, the sentences were enhanced by the trial judge under section 775.084, Florida Statutes (Supp. 1988) to include minimum mandatory sentences of fifteen years on each conviction. Id. The court thereafter ordered that the sentences, including the minimum mandatory sentences, run consecutively. Id.
On review in this Court, we quashed the district court's decision affirming the imposition of consecutive minimum mandatory sentences and ordered that the sentences run concurrently. Id. at 954. In so doing we distinguished statutory sentences in which the legislature had included a minimum mandatory sentence, such as the sentences for capital crimes, from sentences in which there is no minimum mandatory penalty although one may be provided as an enhancement through the habitual violent offender statute. Id. We stated: "Because the statute prescribing the penalty for Daniels' offenses does not contain a provision for a minimum mandatory sentence, we hold that his minimum mandatory sentences imposed for the crimes he committed arising out of the same criminal episode may only be imposed concurrently and not consecutively." Id. We find that the same principle applies in the instant case. None of the statutes under which Hale was sentenced contain a provision for a minimum mandatory sentence.
For the same rationale set out in Daniels we find that Hale's enhanced maximum sentences must run concurrently. In Daniels we recognized that
by enacting sections 775.084 and 775.0841, Florida Statutes (Supp. 1988), the legislature intended to provide for the incarceration of repeat felony offenders for longer periods of time. However, this is accomplished by enlargement of the maximum sentences that can be imposed when a defendant is found to be an habitual felon or an habitual violent felon.
Id. Thus, the legislative intent is satisfied when the maximum sentence for each offense is increased. We find nothing in the language of the habitual offender statute which suggests that the legislature also intended that, once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively.
The State argues that section 775.021(4), Florida Statutes (1991), which authorizes the trial court to impose concurrent or consecutive sentences, applies to habitual offender sentences because section 775.021(2) states that "[t]he provisions of this chapter are applicable to offenses defined by other statutes, unless the code otherwise provides." In Daniels, we expressly rejected this argument and stated: "The subsequent addition of subsection (b) to section 775.021(4) was designed to overrule this Court's decision in Carawan v. State, 515 So.2d 161 (Fla. 1987), pertaining to consecutive sentences for separate offenses committed at the same time, and had nothing to do with minimum mandatory sentences." 595 So.2d at 954 (footnote omitted) (emphasis added).
*525 We conclude that, under the statutory penalty for each offense, the trial court may sentence this defendant separately for possession, and sentence him separately for the sale, and make each sentence consecutive to the other. However, the trial court is not authorized, in our view, to both enhance Hale's sentence as a habitual offender and make each of the enhanced habitual offender sentences for the possession and the sale of the same identical piece of cocaine consecutive, without specific legislative authorization in the habitual offender statute.

Cruel or Unusual Punishment
The final issue is whether Hale's sentences constitute cruel or unusual punishment under article I, section 17, of the Florida Constitution. Hale argues that this constitutional provision guarantees judicial review of the proportionality of his sentence and a declaration that the sentence is cruel or unusual. We agree with Hale that the United States Constitution provides a guarantee of proportionality and that such a guarantee acts as a minimum standard. We find, however, that Hale's concurrent twenty-five year sentences with concurrent minimum mandatory terms of ten years each does not constitute cruel or unusual punishment.
In analyzing this issue, the district court stated that neither the United States Constitution nor the Florida Constitution guarantees proportionality review and therefore declined to reach the issue of the proportionality of Hale's sentence. The court summarily dismissed Hale's argument under the Florida Constitution noting a complete lack of cited authority. Hale, 600 So.2d at 1229 (footnote omitted). The district court then cited Harmelin v. Michigan, ___ U.S. ___, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) for the proposition that the United States Constitution did not guarantee proportionality review. The court characterized Harmelin as a case "wherein the Supreme Court rejected its earlier holding in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), that a criminal sentence must be proportionate to the crime for which the defendant has been convicted." Hale, 600 So.2d at 1229. We disagree with the district court's interpretation of Harmelin. A closer reading of Harmelin indicates that Solem is still binding and serves as a minimum standard for interpreting the "cruel and unusual punishment" clause in the federal constitution.
The district court's difficulty in interpreting the holding of Harmelin may stem from the fractured nature of the opinion. Two members of the majority (Rehnquist, C.J., and Scalia, J.) said they would overrule Solem and do away with proportionality analyses altogether in noncapital cases. ___ U.S. at ___, 111 S.Ct. at 2686 ("We conclude ... that Solem was simply wrong; the Eighth Amendment contains no proportionality guarantee."). The three remaining majority members (Kennedy, O'Connor, and Souter, JJ.) would preserve the three-part Solem analysis but would apply the second and third parts only where the first step shows "gross disproportionality" between the sentence and the crime. ___ U.S. at ___, 111 S.Ct. at 2707 (Kennedy, J., concurring in part and concurring in judgment). Finally, the four dissenters (White, Blackmun, Stevens, and Marshall, JJ.) would not require an initial finding of "gross disproportionality" but, instead, would apply the three Solem factors independently.
In sum, seven members of the United States Supreme Court reaffirmed in Harmelin that the federal "cruel and unusual" clause prohibits disproportionate prison sentences for noncapital crimes. All seven would uphold the three-part Solem standard; three would apply a "gross disproportionality" threshold test before applying the remaining two Solem factors; and four would apply the three Solem factors without an initial showing of gross disproportionality. Only two members of the Court would overrule Solem and do away with proportionality review altogether. Thus, the district court was in error when it interpreted Harmelin as rejecting Solem.
In his petition to this Court, Hale has abandoned his claim that his sentence violates the federal constitution and, instead, relies exclusively on article I, section 17 of the Florida Constitution. Hale asserts that the "cruel or unusual" clause in the Florida Constitution is broader than the "cruel and unusual" clause in the United States Constitution. *526 Hale invites this Court to formulate a test to define the scope of this right under the Florida Constitution, and to then declare that his sentence is cruel or unusual. We decline to do so. It is not necessary to delineate the precise contours of the Florida guarantee against cruel or unusual punishment in this case because Hale's sentence is clearly not disproportionate to his crime.
Any evaluation of the proportionality of a sentence to its associated crime involves an often imprecise analysis. The federal constitution protects against sentences that are both cruel and unusual. The Florida Constitution, arguably a broader constitutional provision, protects against sentences that are either cruel or unusual. The punishment in this case, two concurrent ten-year minimum mandatory sentences with two concurrent twenty-five year maximum sentences, simply does not rise to the level of cruel or unusual. A more searching inquiry into the scope of the guarantee under the Florida Constitution is plainly not warranted at this time. In reaching this conclusion, we reaffirm our commitment to the proposition that "[t]he length of the sentence actually imposed is generally said to be a matter of legislative prerogative." Leftwich v. State, 589 So.2d 385, 386 (Fla. 1st DCA 1991) (citing Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)).
For the reasons expressed, we answer the certified questions in the negative. We quash that portion of the district court's opinion which held that the United States Constitution does not require proportionality review under the circumstances of this case. We also quash the district court's decision affirming the sentences imposed by the trial court and remand this case with instructions that Hale's enhanced sentences be ordered to run concurrently.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
KOGAN, J., concurs in part and dissents in part with an opinion.
KOGAN, Justice, concurring in part and dissenting in part.
I still adhere to my opinion that the conviction of one violent felony does not make a person a habitual violent felony offender. But since I have not prevailed on that point I therefore concur in the balance of the majority opinion.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] Section 775.084(1)(b), Florida Statutes (1991), reads as follows:

As used in this act:
... .
(b) "Habitual violent felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for:
a. Arson,
b. Sexual battery,
c. Robbery,
d. Kidnapping,
e. Aggravated child abuse,
f. Aggravated assault,
g. Murder,
h. Manslaughter,
i. Unlawful throwing, placing, or discharging of a destructive device or bomb,
j. Armed burglary, or
k. Aggravated battery.
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior enumerated felony or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later;
3. The defendant has not received a pardon on the ground of innocence for any crime that is necessary for the operation of this section; and
4. A conviction of a crime necessary to the operation of this section has not been set aside in any postconviction proceeding.