WENTWORTH, Senior Judge.
Bruce Allen Booker has appealed from an order of the trial court denying his motion to correct an illegal sentence pursuant to Fla. R.Crim.P. 3.800(a). We reverse and remand with directions to correct Booker’s sentence.
In January 1990, Booker was convicted by jury of two counts of battery on a law enforcement officer (Counts I and II), and one count of resisting arrest with violence (Count III), all arising from a single criminal episode.[1] Pursuant to prior notice by the state, Booker was sentenced as an habitual offender to concurrent 10-year terms on Counts I and III, and 10 years on Count II, consecutive to Counts I and III. Booker appealed, and this court affirmed without opinion. Booker v. State, 575 So.2d 656 (Fla. 1st DCA 1991).
In January 1994, Booker filed the instant motion alleging that the trial court had improperly imposed a consecutive habitual offender sentence as to Count III, citing Hale v. State, 630 So.2d 521 (Fla.1993) (the Legislature did not intend that, once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively).
The state responded that, when it was imposed, Booker’s sentence was legal in the First District Court of Appeal, and had been affirmed by that court. Thus, it should be deemed final, citing Witt v. State, 387 So.2d 922 (Fla.1980) (nonconstitutional, evolutionary developments in the law could not be raised retroactively in a post conviction proceeding). The trial court denied the motion, based on its finding that the sentence imposed was not illegal at the time of sentencing.
The state did not maintain below that the crimes of which Booker was convicted did not occur during a single criminal episode, nor dispute that the consecutive habitual offender sentences imposed for those convictions would be improper under Hale. Rather, the state argued, and the trial court agreed, that because Booker’s consecutive habitual offender sentence was permissible in the First District Court of Appeal at the time of sentencing, Hale would not apply so as to require correction of his sentence. However, Hale itself militates against this argument.
The petitioner in Hale sought review in the Florida Supreme Court after this court affirmed his two consecutive 25-year habitual violent felony offender sentences. Along with certain certified questions concerning the constitutionality of the habitual violent felony offender statute, Hale raised for the first time the issue of “whether [he] was improperly sentenced to consecutive terms of imprisonment.” Hale, 630 So.2d at 522. The Court noted that the issue had not been raised on appeal “because the law in the First District at the time [Daniels v. State, 577 So.2d 725 (Fla. 1st DCA 1991) ] allowed consecutive minimum mandatory sentences.” Because Daniels had been quashed subsequent to Hale’s appeal, the court found him entitled to raise the issue. Hale, 630 So.2d at 524. It proceeded to quash this court’s affirmance of the consecutive sentences, and remanded with directions that Hale’s sentences be set to run concurrently. Hale, 630 So.2d at 526.
*905 The situation is identical here. At the time Booker was sentenced, consecutive habitual offender sentences for crimes occurring during a single criminal episode were permissible. However, subsequent to the ap'peal, Hale held that the habitual offender statute did not authorize consecutive sentences for multiple crimes committed in a single criminal episode in addition to the enlargement of the maximum sentences. See also Brooks v. State, 630 So.2d 527 (Fla.1993); Edler v. State, 630 So.2d 528 (Fla.1993). We find that, under the rationale of Hale, Booker permissibly sought correction of his sentence. We reverse the order herein appealed, and remand with directions that Booker’s sentences be ordered to run concurrently.
BARFIELD and DAVIS, JJ., concur.

. A citizen sought officer assistance in removing Booker from her car when he refused to leave it.