PER CURIAM.
Anthony Dewayne Hoise (Appellant) was tried by a jury and found guilty of 1) attempted aggravated assault with a firearm on a law enforcement officer (Counts I & II); 2) aggravated assault with a firearm (upon Desmond Beasley) (Count III); 3) attempted resisting a law enforcement officer without violence (Count IV); and 4) fleeing or attempting to elude a law enforcement officer (Count VI). Immediately after the verdict, Appellant pled nolo contendere to possession of a firearm by a convicted felon (Count V). He was classified and sentenced to enhanced terms as a habitual felony offender. Appellant asserts, and the state concedes, that the trial court reversibly erred in imposing the 30-year term of imprisonment in Count V to run consecutively. We agree. See Hale v. State, 630 So.2d 521 (Fla.1993) (once the *623 sentences of a habitual violent felony offender were enhanced for crimes committed during a single criminal episode, the total penalty could not be increased further by ordering sentences to run consecutively, where the original statutory provisions governing the offenses contained no provision authorizing the imposed punishment); Brooks v. State, 630 So.2d 527 (Fla.1993); Lucas v. State, 630 So.2d 597, 600-01 (Fla. 1st DCA 1993).
The state’s evidence demonstrates that Count V involves a continuing offense that is inseparable from the attempted aggravated assaults on the officers and the aggravated assault on Beasley. As was true of the offenses in Hale, possession of a firearm by a convicted felon does not contain a statutory minimum mandatory sentence. § 790.23, Fla.Stat. (1991). Because the offense of possession of a firearm arose from the same criminal episode as the other crimes for which Appellant received habitual felony offender sentences, the 30-year term of imprisonment in Count V should have been imposed concurrently. Hale, 630 So.2d at 524-25; Edler v. State, 630 So.2d 528 (Fla.1993). Accordingly, we vacate the sentence in Count V and remand this case with instructions that this enhanced sentence be imposed concurrently. The judgment and sentence are affirmed in all other respects.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED, with directions.
MINER, BARFIELD and MICKLE, JJ„ concur.