PER CURIAM.
The defendant has alleged in a Rule 3.800(a) proceeding that his consecutive habitual offender sentences are illegal citing Hale v. State, 630 So.2d 521 (Fla.1993) and Brooks v. State, 630 So.2d 527 (Fla.1993).[1] The trial court summarily denied the defendant’s motion on the basis that while the defendant was found to be a habitual offender the court did not impose enhanced sentences under the habitual offender statute. However, the trial court did not attach any portions of the record to support the summary denial of the defendant’s motion. Therefore, we reverse and remand to the trial court to conduct an evidentiary hearing or attach those portions of the record which refute the defendant’s claims. See Fla. R.App.P. 9.140(g).
REVERSED and REMANDED with directions.
DAUKSCH, COBB and GOSHORN, JJ., concur.

. Hale has been applied retroactively in 3.800(a) proceedings. See Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994).