PER CURIAM.
Appeal from a summary denial of a rule 3.800 motion to correct an illegal sentence.
In May of 1984 two Miami police officers attempted to arrest defendant. A struggle ensued and defendant gained possession of one of the officer’s handgun. During the struggle the gun was pointed at one of the officers and was apparently discharged into the air. The officers managed to get the gun away from defendant and he was eventually subdued. Defendant was charged with attempted murder, unlawful possession of a firearm during the commission of a felony and resisting an officer with violence to his person. The jury acquitted defendant of attempted murder and convicted on the other counts. The tidal court, finding defendant to be a habitual felony offender, sentenced defendant to thirty years and ten years respectively and ordered that defendant serve his sentences consecutively. On direct appeal[1] this court affirmed. In July of 1994, defendant, relying upon Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), brought a rule 3.800 motion. Defendant alleged that the trial court improperly ran the two sentences consecutively where the convictions arose out of the same criminal episode.
It appearing that the defendant’s convictions arose out of the same criminal episode, we remand to the trial court for an evidentiary hearing to determine the issue in the first instance, see Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994), and for resentencing, if necessary, according to the dictates of Hale.
Reversed with instructions.

. Ward. v. State, 492 So.2d 472 (Fla. 3d DCA 1986).