PETERSON, Judge.
Edmund Washington seeks a belated appeal in his petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. We grant the writ and because of the simple issue presented, dispense with the necessity of requiring further briefs and proceedings. Johnson v. Wainwright, 498 So.2d 938 (Fla.1986), cert. denied, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 500 (1987).
Washington received three consecutive habitual offender sentences for offenses arising out of a single criminal episode — 30 years for attempted manslaughter with a firearm and ten years each for resisting an officer with violence and depriving an officer of protection or communication. The convictions were affirmed in Washington v. State, 632 So.2d 283 (Fla. 5th DCA), rev. denied, 640 So.2d 1109 (Fla.1994).
The initial brief in the prior appeal was filed on October 12,1993, two days before the supreme court released its opinion in Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. —, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). Hale prohibits the imposition of consecutive habitual offender sentences when the offenses for which the sentences were imposed were committed during a single criminal episode.
Since Washington’s appeal was in the pipeline when Hale was released and neither appellate counsel nor this court discovered its applicability before we released the earlier opinion on February 25, 1994, we vacate the sentences for the convictions of resisting an officer with violence and depriving an officer of protection or communication and remand to the trial court for imposition of sentences concurrent with the sentence for attempted manslaughter with a firearm. See Lowe v. Price, 437 So.2d 142 (Fla.1983).
PETITION GRANTED; SENTENCE PARTIALLY VACATED AND REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.