GRIMES, Chief Justice,
dissenting.
In Jones v. State, 640 So.2d 1084 (Fla. 1994), this Court upheld section 800.04, Florida Statutes (1991), which prohibited sexual intercourse with a person under the age of sixteen. Section 794.05, Florida Statutes (1991), prohibits sexual intercourse with an unmarried person of previous chaste character under the age of eighteen. Neither statute refers to the age of the person against whom the prohibition is directed. For purposes of our discussion, the only material difference between the statutes is the age limit of the persons sought to be protected. Persons under the age of eighteen are still considered minors, and as this Court held in Jones, the legislature has a strong policy interest in protecting minors from harmful *262 sexual conduct. I cannot see how In re T.W., 551 So.2d 1186 (Fla.1989), can be read to support the proposition that a sixteen-year-old child has a privacy right to have sex.
In holding section 794.05 unconstitutional as applied, the majority appears to be saying that a sixteen-year-old child has a constitutional right to engage in sex with another sixteen-year-old child, though an older person would not have such a right. However, section 794.05 reflects a legislative determination to protect chaste and unmarried children under the age of eighteen from the dangers of having sex with anyone, regardless of age. While the prevention of exploitation of children by older persons is certainly one objective of the statute, the statute does not make this distinction and it is clearly not the only objective. As noted by Justice Ko-gan in his concurring opinion in Jones, the State has a right to prevent children and young adolescents from being exposed to the wide-ranging risks associated with premature sexual activity.
If B.B. is adjudicated delinquent of a second-degree felony, he may have an argument that the particular sanction imposed upon him for having sex with another sixteen-year-old is cruel and unusual punishment. See Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. —, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). However, this question is not before us. Despite the majority’s effort to restate the issue, the question before us is whether it is for the legislature or the courts to determine the age of consent for minors to engage in sex. Referring again to Justice Kogan’s opinion in Jones:
The legislature, I believe, can choose any age within a range that bears a clear relationship to the objectives the legislature is advancing. Some reasonable age of consent must be established because of the obvious vulnerabilities of most youngsters and the impossibility of legally defining “maturity” for allegedly precocious teens in this context.
640 So.2d at 1090 (Kogan, J., concurring). The legislature has established the cutoff as being at the age of eighteen. The fact that in contemporary society many couples may be engaging in sex below the age of eighteen makes it neither legal nor right.
SHAW, J., concurs.