PER CURIAM.
Jack Lester Watts appeals the summary denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm without prejudice to the filing of a timely motion pursuant to rule 3.850.
Mr. Watts was convicted in June 1991 of two counts of grand theft and two counts of uttering forged instruments, arising out of a transaction at a Barnett Bank on November 29, 1990. He was sentenced to four consecutive ten-year terms of imprisonment as a habitual offender. The last term was suspended after four years, with the remaining six years to be served on probation.
In September 1991, the trial court denied a motion to correct the sentence. That motion alleged the convictions arose from a single episode and that “separate” convictions under Carawan v. State, 515 So.2d 161 (Fla. 1987), were improper.
The current motion was filed in January 1995. It alleges that the four consecutive habitual offender sentences are improper under Hale v. State, 630 So.2d 521 (Fla.1993). The trial court summarily denied the motion on the ground that the issue had been raised and denied in 1991.
*1244 The trial court’s reasoning is incorrect. Until Hale was issued on October 14, . 1993, the law of this district permitted consecutive habitual offender sentencing for offenses committed during a single criminal episode. See, e.g., Brown v. State, 599 So.2d 132 (Fla. 2d DCA 1992). Thus, Mr. Watts is raising a new issue that was not available to him in 1991. If his allegations are correct, it appears that he is entitled to relief.
We affirm the order of the trial court because Mr. Watts has filed his motion under rule 3.800(a). This court has held that the Hale issue must be raised in a sworn motion under rule 3.850 in the two-year window created by the supreme court’s decision. Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994), review granted, 652 So.2d 818 (Fla.1995).
Accordingly, our affirmance is without prejudice to Mr. Watts raising the issue in a timely filed motion pursuant to rule 3.850.
Affirmed.
THREADGILL, C.J., and ALTENBERND and WHATLEY, JJ., concur.