664 So.2d 6 (1995)
Anthony MATTHEWS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0434.
District Court of Appeal of Florida, Fourth District.
September 20, 1995.
Clarification Denied December 18, 1995.
Anthony Matthews, Crestview, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant appeals the denial of his collateral attack on his consecutive habitual offender sentences relying on Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195, reh'g denied, ___ U.S. ___, 115 S.Ct. 686, 130 L.Ed.2d 617 (1994). The state conceded that the armed robberies, which occurred without any break or deviation in time or location, arose from a single criminal episode, but argued against the retroactivity of Hale. Subsequent to the entry of the trial court's order, our supreme court decided State v. Callaway, 658 So.2d 983 (Fla. 1995), which determined that a challenge based on Hale could be retroactively applied.
The supreme court's holding in Callaway provides for a two-year window following the decision in Hale for criminal defendants to challenge the imposition of consecutive habitual offender sentences for multiple offenses arising out of a single criminal episode. Hale sentencing errors will normally require an evidentiary hearing to determine if the *7 offenses for which a defendant has been sentenced arose out of a single criminal episode. Thus, Callaway determined that because an evidentiary hearing is required to resolve this issue, the challenge should be dealt with under rule 3.850 which provides for an evidentiary hearing.
Defendant's challenge is within the two-year window provided by Callaway and Hale; however, defendant brought his challenge under rule 3.800 rather than rule 3.850. This difference would be significant if his challenge had been untimely or if an evidentiary hearing would be required. Because of the state's concession that the two crimes arose from a single criminal episode, an evidentiary hearing is not required to determine that defendant's sentence violates Hale. It is thus unnecessary to require that defendant refile his motion under rule 3.850. Instead, we treat this as a 3.850 appeal. See Casso v. State, 592 So.2d 1145 (Fla. 4th DCA 1992); Hall v. State, 643 So.2d 635 (Fla. 1st DCA 1994). Accordingly, we reverse and remand this case with instructions that defendant's enhanced sentences be ordered to run concurrently.
GLICKSTEIN and FARMER, JJ., concur.