PER CURIAM.
This is a timely appeal by a prisoner from a summary denial of his motion for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure. He alleges that he was convicted in October 1988 of seven counts relating to driving under the influence and causing serious bodily injury, and sentenced as a habitual offender to ten years in prison on each of four counts, all to run consecutively. He was sentenced to one year on the three remaining counts, to run consecutively to the ten year sentences.
He filed a direct appeal of his convictions and sentences to this court, and we vacated the conviction for driving with an unlawful blood alcohol level, but otherwise affirmed in Parrish v. State, 561 So.2d 685 (Fla. 4th DCA 1990). He then filed his first motion for post-conviction relief, alleging misconduct by the prosecutor and ineffective assistance of counsel. He states that the trial court dismissed that motion. He then filed a motion for correction of sentence under rule 3.800(a), Florida Rules of Criminal Procedure, but the trial court denied that motion. Although he filed a belated appeal of that order, it appears that he voluntarily dismissed the appeal.
In this, his second motion for post-conviction relief, he has alleged that a recently *1115 decided case, Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), reveals that his consecutive habitual offender sentences for the same criminal episode are illegal. He argues that Hale is applicable to his sentences, and that it has been asserted in post-conviction motions, citing State v. Callaway, 658 So.2d 983 (Fla.1995), in which the Supreme Court of Florida held that Hale is fully applicable to any post-conviction relief proceeding, and that rule 3.850 was the proper vehicle for this type of challenge rather than rule 3.800(a), Florida Rides of Criminal Procedure.
The state filed a response to this motion, arguing that it was time barred and that Hale and Callaway do not apply because they involve a later version of the habitual offender statute and not the exact one under which this defendant was sentenced. The state offers no legal authority, however, for its distinction or why Hale would not apply to earlier versions of the habitual offender statute as well. Nor does the state explain why the challenge to a sentence as illegal would not fall under rule 3.850’s exemption to the two year time bar.
Additionally, the state argues that defendant has previously challenged his sentence in his appeal and post-conviction motions prior, and therefore he is barred from making this new challenge. But, we note, none of his prior challenges raised the precise issue of consecutive habitual offender sentences, and Hale was not decided until after his appeal had been concluded. Moreover, an illegal sentence may be raised for the first time in a post-conviction motion. The trial court summarily denied the rule 3.850 motion, prompting appellant to file this appeal.
In response to this court’s order to show cause, the state filed an answer brief conceding error. It has abandoned the arguments advanced in the trial court and now acknowledges forthrightly that defendant’s sentences should be reversed and remanded for resentencing in light of the consecutive habitual offender sentences erroneously imposed based on offenses arising from a single incident. The state has properly relied on State v. Callaway, 658 So.2d 983 (Fla.1995) and Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S.-, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994).
While it is true that the state’s concession of error or admission that an appellant is entitled to relief on any other grounds is not necessarily dispositive, we see no reason to disagree with its conclusion, based on our own application of Hale and Callaway to the facts in this case.
The state has also correctly abandoned its contention advanced in the trial court that defendant’s challenge was untimely, as the case law now states that a rule 3.850 Hale challenge should be made within two years of the Hale decision. See Rosier v. State, 655 So.2d 160 (Fla. 1st DCA), rev. denied, 663 So.2d 632 (Fla.1995). Defendant’s motion was timely brought.
We approve the state’s concession of error. The trial court’s denial of the present post-conviction motion is reversed, and the case is remanded for resentencing.
DELL, FARMER and STEVENSON, JJ., concur.