PER CURIAM.
Appellant challenges the trial court’s denial, on remand, of his motion for postconvic *56 tion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant’s motion was initially summarily denied by the trial court. This court, in Williams v. State, 667 So.2d 941 (Fla.2d DCA 1996), reversed and remanded for a determination of whether under Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), appellant was unlawfully sentenced to consecutive habitual offender sentences for offenses arising out of a single criminal episode. The trial court, on remand, again denied appellant’s motion, finding that the victim was subjected to a series of separate crimes. We agree with appellant that his crimes constituted a single criminal episode and reverse and remand for resentencing.
Appellant was convicted after jury trial of kidnapping, sexual batteiy, robbeiy, grand theft auto, and two batteries. He was sentenced as a habitual felony offender to life imprisonment on the kidnapping; life imprisonment on the sexual battery; thirty years’ imprisonment on the robbeiy; ten years’ imprisonment on the grand theft auto; and time served on the batteries. The sentence on the sexual batteiy was run consecutive to the sentence on the kidnapping, the sentence on the robbeiy was run concurrent to the kidnapping, and the sentence on the grand theft auto was run consecutive to both the sentences on the kidnapping and the sexual battery.
The transcript of the victim’s testimony reflects that as she parked in her driveway, appellant forced his way into her car, pushed her over into the passenger seat and drove her to an orange grove. While parked in the grove he robbed her of her jewelry. He then ordered her to get into the back seat where he raped her. After he raped her, he took money from her purse and tied her up with her pantyhose. Appellant drove to a different part of the grove and got out of the car in order to put the victim in the trunk, at which point, she was able to free herself and drive off. Appellant struck the victim on several occasions throughout the episode.
In Ferrell v. State, 686 So .2d 1324 (Fla.1996), the victim was selling drugs from his vehicle at an apartment complex. Ferrel and • a codefendant forced the victim into his vehicle at gunpoint and then took him to an isolated field where he was robbed of drugs and money and then killed. Ferrel was convicted of first-degree murder, kidnapping and robbery. He was sentenced to death on the murder conviction and to thirty years’ imprisonment as a habitual felony offender on the robbery and life imprisonment as a habitual felony offender on the kidnapping. The Fen-ell court held that, under Hale, the trial court “erred in sentencing Ferrel as a habitual offender to consecutive sentences for the robbery and kidnapping convictions.” 686 So.2d at 1329. Except for the fact that the victim in Ferrell was murdered instead of raped, the facts of Ferrell are very similar to those of the case at hand. We, therefore, determine that the offenses in the present case were part of a single criminal episode and hold that the trial court erred in imposing consecutive rather than concurrent habitual offender sentences.
We, therefore, remand with directions to impose concurrent habitual offender sentences.
SCHOONOVER, A.C.J., and FULMER and QUINCE, JJ., concur.