PER CURIAM.
In his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, appellant alleges ineffective assistance of counsel, as to which we affirm, as the trial court attached portions of.the record conclusively refuting appellant’s allegations. Appellant also contends that he was sentenced to consecutive habitual offender sentences in violation of the rule set forth in Hale v. State, 630 So.2d 521 (Fla.1993). In Dukes v. State, 703 So.2d 498 (Fla. 1st DCA 1997), this court adopted the view that “the two years for filing- a Hale claim by 3.850 motion, commenced on October 14, 1993, the date the Hale opinion was issued.” Appellant here filed his motion in May, 1996, beyond the two year period. Therefore, we must affirm. In Dukes, however, “because there was less than three months following Callaway[1] within which to file a timely Hale claim,” this court certified the following question, which we also certify in the present case:
SHOULD A 3.850 MOTION SEEKING THE RETROACTIVE BENEFIT OF HALE, FILED MORE THAN TWO YEARS AFTER HALE, BUT WITHIN TWO YEARS OF THE DECISION IN CALLAWAY, BE DEEMED TIMELY FILED?
AFFIRMED.
BARFIELD, C.J., JOANOS, J., and SMITH, Senior Judge, concur.

. State v. Callaway, 658 So.2d 983 (Fla.1995). In Callaway, the supreme court determined that Hale would apply retroactively and - that relief had to be sought within two years of the Hale decision.