CASANUEVA, Judge.
Ricky S. Hunnicutt appeals the denial of his motion for post-conviction relief. We conclude that only one of his numerous contentions has merit and affirm the remainder of the trial court’s order without discussion.
In 1991 Mr. Hunnicutt was found guilty of burglary of a dwelling with assault, aggravated assault, and three counts of sexual battery during one criminal episode. He was sentenced to consecutive terms of imprisonment as a habitual violent felony offender with consecutive minimum mandatory terms for each count. While his case was on appeal, the Florida Supreme Court held in Daniels v. State, 595 So.2d 952 (Fla.1992), that the minimum mandatory provisions of multiple habitual violent offender sentences may not be imposed consecutively when the sentences arise from one criminal episode. Accordingly, this court reversed that aspect of Mr. Hunnicutt’s sentences and remanded his case with instructions to the trial court to impose the minimum mandatory terms concurrently. See Hunnicutt v. State, 622 So.2d 171 (Fla. 2d DCA 1993). Mr. Hunnicutt now argues that the habitual violent offender sentences themselves may not also be imposed consecutively. We agree.
Habitual offender sentences for multiple convictions emanating from one criminal episode may not be imposed consecutively. See Hale v. State, 630 So.2d 521 (Fla.1993). The Hale holding was given retroactive application by State v. Callaway, 658 So.2d 983 (Fla.1995). Mr. Hunnicutt’s ability to seek relief by a timely filed motion pursuant to Florida Rule of Criminal Procedure 3.850 was recognized in Dixon v. State, 730 So.2d 265 (Fla.1999). Dixon held that a Hale challenge would be timely if it was made within two years of the Callaway mandate. Mr. Hunnicutt did so and, thus, his challenge is timely filed.
We have examined the special provisions of Mr. Hunnicutt’s amended sentencing orders imposed on remand from his prior appeal. The amended orders state that the habitual violent offender sentences imposed for counts one, two, four, five, and six shall run consecutively. This sentencing scheme violates Hale. Accordingly, we *1076 reverse the sentences and remand for re-sentencing in conformity with Hale.
Affirmed in part, reversed in part, and remanded for resentencing.
NORTHCUTT, A.C.J., and SALCINES, J., Concur.