PER CURIAM.
The appellant challenges the summary denial of his motion to correct his illegal sentence brought pursuant to Florida Rule of Criminal Procedure 3.800(a). On November 10, 1992, the appellant was sentenced as a habitual felony offender in three separate cases; he received a sentence of 20 years of incarceration on count one of each case (sale of controlled substances) followed by five years of incarceration on count two of each case (possession of controlled substances), all three cases to be served concurrently. The appellant’s convictions and sentences were affirmed per curiam by this Court, with a mandate issuing on August 10, 1993. See Franklin v. State, 623 So.2d 497 (Fla. 1st DCA 1993).
The appellant’s second claim, that he should not have been habitualized on his possession convictions, is successive, as the trial court’s attachments clearly demonstrate that the claim of illegal habituali-zation was raised in a previous rule 3.800(a) motion brought by the appellant in *1032 2000, and was denied by the trial court on its merits. However, the appellant’s first claim, that his sentences for possession should be concurrent rather than consecutive to his sentences for sale because each sale was part of the same criminal transaction or episode as its corresponding possession charge, has merit.
When sentences for multiple crimes during a single criminal episode are habitualized, they must run concurrently. See Hale v. State, 630 So.2d 521 (Fla.1993). The trial court denied this claim as successive. However, the trial court’s attachments do not show that the claim has previously been decided on its merits. Moreover, this claim has merit. The infor-mations and arrest reports for each of the three cases indicate that the sale and possession in each case were part of the same criminal episode. Therefore, under Hale, the two sentences in each case should not have been both enhanced under the habit-ualization statute and run consecutively to each other. This claim is, as the appellant alleged, cognizable under rule 3.800(a) because the illegality is apparent on the face of the record, and the claim is also facially sufficient. See Jackson v. State, 803 So.2d 842 (Fla. 1st DCA 2001); West v. State, 790 So.2d 513 (Fla. 5th DCA 2001).
Accordingly, we REVERSE and REMAND for the trial court either to attach record portions which conclusively refute the appellant’s Hale claim or to resentence the appellant.
BOOTH, BENTON and VAN NORTWICK, JJ., concur.