840 So.2d 304 (2003)
STATE of Florida, Appellant,
v.
Anthony J. FERREIRA, Appellee.
No. 5D02-2396.
District Court of Appeal of Florida, Fifth District.
February 7, 2003.
Rehearing Denied March 27, 2003.
*305 Charlie J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellant.
No Appearance for Appellee.
HARRIS, C., Senior Judge.
In this "much ado about nothing" case, the State appeals contending the court erred in correcting its previous sentence which made an habitual offender sentence run consecutively with a sentence imposed for another conviction arising out of one criminal incident. In this case, Ferreira was sentenced on a first degree murder conviction to life in prison without parole. He was also sentenced on an attempted armed robbery conviction as an habitual offender to a consecutive thirty year prison term. Our supreme court held in Hale v. State, 630 So.2d 521 (Fla.1993), that sentences for multiple crimes committed during a single incident which are enhanced through classifying the defendant as an habitual offender may not be increased further by imposing consecutive sentences.
The State urges that Hale should not apply because Ferreira was classified as an habitual offender on only one of the convictions, attempted armed robbery. However, it seems axiomatic that whether the first degree murder sentence runs consecutive to the armed robbery sentence or whether the armed robbery sentence runs consecutive to the first degree murder sentence, the overall sentence has been enhanced twice because of the classification as an habitual offender. We agree with the trial court that Hale applies and affirm.
AFFIRMED.
PALMER, J., concurs.
PETERSON, J., concurs in result only.