PER CURIAM.
The appellant challenges the trial court’s order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court correctly denied the appellant’s motion alleging that his consecutive sentences violate Hale v. State, 630 So.2d 521 (Fla.1993), we affirm.
The appellant was convicted of four counts of burglary, four counts of grand theft, one count of possession of burglary tools, and one count of aggravated fleeing and eluding a law enforcement officer. The appellant was sentenced as a habitual felony offender to ten years’ imprisonment on each count. In the appellant’s motion for postconviction relief, the appellant challenges the trial court’s imposition of consecutive sentences for two counts of burglary. The appellant argues that because his crimes were deemed to be part of one criminal episode for the purposes of consolidation at trial, then his crimes should also be deemed part of one criminal episode for the purposes of Hale analysis. However, separate offenses may be joined or consolidated for trial without precluding the trial court from imposing consecutive habitual offender sentences.
In order to join or consolidate cases, the cases must be connected in time, in location, by their nature, and by the manner in which they were perpetrated or there must be a significant causal link between the cases. Smithers v. State, 826 So.2d 916, 923 (Fla.2002). However, in determining whether a court may impose consecutive habitual offender sentences, “the court must consider whether separate victims are involved, whether the crimes occur in separate locations, and whether there has been a temporal break between the incidents.” Woods v. State, 615 So.2d 197, 199 (Fla. 1st DCA 1993).
Thus, joinder is an issue when there is a series of crimes that are linked in a significant way, see e.g., Smithers v. State, 826 So.2d 916 (Fla.2002); Fotopoulos v. State, 608 So.2d 784 (Fla.1992); Bundy v. State, 455 So.2d 330 (Fla.1984) abrogated on other grounds by Fenelon v. State, 594 So.2d 292 (Fla.1992); and consecutive habitual offender sentences may not be imposed when one incident or simultaneous actions support convictions for multiple crimes. See e.g., Hale v. State, 630 So.2d 521 (Fla.1993) (holding that a defendant cannot receive consecutive habitual offender sentences for sale of cocaine and possession of cocaine with the intent to sell for the same piece of cocaine); Whitfield v. State, 804 So.2d 1274 (Fla. 5th DCA 2002) (holding that a defendant cannot receive consecutive habitual offender sentences for battery on a law enforcement officer and resisting an officer with violence for the same altercation); Valdes v. State, 765 So.2d 774, 775 (Fla. 1st DCA 2000). Because joinder and the imposition of consecutive habitual offender sentences depend on separate standards, the fact that the appellant’s crimes were properly joined does not necessarily prevent the trial court from imposing consecutive habitual offender sentences.
In the instant case, the appellant was charged with the burglary of four convenience stores on June 12, 1998, June 16, 1998, and June 24, 1998. These offenses were properly joined because the burglaries occurred over a short time span, they all occurred in the same county, they were all convenience stores, and the locks were removed in a unique manner. The trial court’s decision to run one of the appellant’s sentences for burglary consecutively to another burglary sentence was also *379 proper. In the first count, the appellant was charged with the burglary of a Jiffy Food Store on June 24, 1998, and in the other count, the appellant was charged ■with burglary of a Jiffy Food Store on June 12,1998. Thus, the convictions arose out of separate acts on separate dates. In contrast, if the trial court had imposed consecutive habitual offender sentences for the burglary convictions and the grand theft convictions that arose out of each incident, then the appellant’s sentence would have violated the rationale of Hale. Thus, it was proper for the trial court to deny the appellant’s motion for postconviction relief.
AFFIRMED.
WOLF, LEWIS and POLSTON, JJ., concur.