PALMER, J.
Herman Maddox appeals the final order entered by the trial court summarily denying his motion to correct illegal sentence which was filed pursuant to rule 3.800(a) of the Florida Rules of Criminal Procedures. We affirm.
In this, his fifth motion seeking postcon-viction relief, Maddox argues that his sentences are illegal. However, the motion raises the same Hale [1]-based claim as was raised in Maddox’s previous four postcon-viction motion proceedings.[2] Since Maddox persists in raising his Hale-based claim despite the fact that he was not given a habitual offender sentence in the instant case, we ordered him to show cause, pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), “why he should not be denied further pro se access to this Court for any proceeding to further attack the conviction and sentence rendered below in Volusia County Circuit Court Case Number 82-02117-CFAES.” Maddox responded to this order by filing a meritless pleading.
Accordingly, we direct the Clerk of the Fifth District Court of Appeal to no longer accept any pro se pleadings from Maddox related to Volusia County Court Case Number 82-02117-CFAES. Any future proceedings filed in this court related to this case must be reviewed and signed by an attorney who is a duly licensed member of The Florida Bar.
AFFIRMED; Future Pro Se Filings PROHIBITED.
MONACO and LAWSON, JJ„ concur.

. In Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), the Florida Supreme Court held that sentences for multiple crimes committed during a single incident which are enhanced by classifying a defendant as a habitual offender may not be further increased by imposing consecutive sentences.

. See Maddox v. State, 908 So.2d 1081 (Fla. 5th DCA 2005); Maddox v. State, 892 So.2d 1055 (Fla. 5th DCA 2005); Maddox v. State, 806 So.2d 500 (Fla. 5th DCA 2002); Maddox v. State, 780 So.2d 85 (Fla. 5th DCA 2001).