952 So.2d 555 (2007)
James Howard GONSE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5005.
District Court of Appeal of Florida, Second District.
January 26, 2007.
*556 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
James Howard Gonse appeals his convictions and sentences for the felony of a fourth or subsequent offense of driving while under the influence (DUI) and the felony of driving while license permanently revoked (DWLR). We affirm Gonse's convictions and sentences but reverse the imposition of a fine which exceeds the maximum amount authorized.
Gonse was sentenced to sixty months in prison on both counts with his sentence on the DWLR count to run consecutively to the sentence on the DUI count. On the DUI count, a fine totaling $7500 was imposed. The record reflects that the $7500 fine consisted of a $2500 fine under section 316.193, Florida Statutes (2004), as well as a $5000 fine under section 775.083, Florida Statutes (2004).
On appeal, Gonse first claims that the trial court erred in sentencing him to consecutive sentences for felony DUI and DWLR. He argues that the offenses were enhanced based on his prior offenses and therefore the consecutive sentencing created a double enhancement. He relies on Hale v. State, 630 So.2d 521 (Fla.1993), and argues that he was convicted under habitual offender statutes.
The State responds that the trial court had discretion to impose consecutive sentences under section 775.021. The State also claims that because Gonse's prior convictions were elements of felony DUI and DWLR, his sentences were not enhanced based on his prior convictions. Therefore, the State contends, consecutive sentencing does not constitute double enhancement.
Gonse raised this claim in a motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court denied this claim, concluding that "felony DUI . . . is not a `penalty enhancement' of a misdemeanor offense" and that DWLR "is not an `enhanced' sentence but is a separate felony offense which requires" revocation "as an essential element of the felony offense."
In Hale, 630 So.2d at 523, the trial court sentenced the defendant on two counts arising from the same criminal episode to enhanced sentences as a habitual violent felony offender, both with minimum mandatory sentences, and also imposed the sentences to run consecutively. The supreme court held that the "the trial court is not authorized . . . to both enhance [a defendant's] sentence as a habitual offender and make each of the enhanced habitual offender sentences . . . consecutive, without specific legislative authorization in the habitual offender statute." Id. at 525. Therefore, Hale merely addressed the legality of consecutive sentences that have already been enhanced pursuant to a sentencing enhancement statute for offenses committed during the same criminal episode. See Reeves v. State, 920 So.2d 724, 726 (Fla. 5th DCA 2006) ("The rule established in Hale . . . applies to sentences that have been enhanced beyond the statutory *557 maximum."). Hale is inapplicable to the instant case because Gonse's sentences were not enhanced pursuant to a sentencing enhancement statute. See Almendares v. State, 916 So.2d 29, 30 (Fla. 4th DCA 2005) (recognizing the exception to the general rule that a trial court may sentence a defendant to consecutive sentences but holding that the exception "is not applicable [where the defendant] was not sentenced pursuant to a sentencing enhancement statute").
Felony DUI is a separate offense from misdemeanor DUI and the existence of prior DUI convictions is an element of the offense of felony DUI. See State v. Finelli, 780 So.2d 31, 33 (Fla.2001); State v. Woodruff, 676 So.2d 975, 977 (Fla.1996). Applying that same reasoning to DWLR, the fact that Gonse's license was permanently revoked is an element of the offense and is not used as a sentence enhancement. See § 322.341, Fla. Stat. (2004) ("Any person whose driver's license or driving privilege has been permanently revoked . . . and who drives a motor vehicle upon the highways of this state is guilty of a felony of the third degree. . . ."). The convictions in Hale were not based on the defendant's prior record; rather, the sentences were enhanced based on the prior record and therefore could not be further enhanced by being imposed consecutively. Such is not the case here, and the trial court properly denied Gonse's rule 3.800(b)(2) motion. We therefore affirm Gonse's consecutive sentences.
Gonse next argues that the trial court erred in imposing the fine totaling $7500. Gonse contends that the trial judge improperly imposed two separate fines on the DUI count, one pursuant to section 316.193 and one pursuant to section 775.083. The State responds that the trial court imposed a mandatory fine for DUI consistent with section 316.193.
Section 316.193(2)(b)(3) provides:
Any person who is convicted of a fourth or subsequent violation of this section, regardless of when any prior conviction for a violation of this section occurred, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. However, the fine imposed for such fourth or subsequent violation may be not less than $1,000.
This section makes a fine for this DUI offense mandatory. See Angel v. State, 769 So.2d 494, 496 (Fla. 4th DCA 2000) (holding that a fine is mandatory for fourth or subsequent DUI). Section 775.083(1)(c) provides that a person who has been convicted of a third-degree felony may be sentenced to pay a fine not to exceed $5000. Therefore, a person who has been convicted of the third-degree felony of DUI (fourth or subsequent offense) must be ordered to pay a fine of no less than $1000 and no more than $5000.
At sentencing, the trial court ordered a "mandatory DUI fine of two thousand, five hundred dollars, also a regular criminal fine of five thousand dollars." The State asked the court if it "impose[d] the one-thousand dollar mandatory DUI fine." The court answered it "gave him twenty-five hundred, mandatory" because the most it could give "on a third is twenty-five hundred."
It was error for the trial court to impose a fine exceeding $5000. The only authority for a fine for a fourth or subsequent DUI offense comes from section 316.193(2)(b)(3), which refers to the imposition of fines under section 775.083. There is no authority authorizing an additional fine for a fourth or subsequent DUI offense.
The trial court relied on section 316.193(2)(b)(2), which addresses the fine for a person convicted of a third DUI: "Any person who is convicted of a third violation of this section . . . shall be punished *558 by a fine of not less than $1,000 or more than $2,500." Subsection (2)(b)(2) does not, however, apply to Gonse, who was convicted of a fourth or subsequent DUI under subsection (2)(b)(3).
We therefore reverse the fine imposed and remand for the trial court to reduce the total amount from $7500 to $5000. See Merckle v. State, 512 So.2d 948, 950 (Fla. 2d DCA 1987) (remanding for trial court to reduce $1000 fine by $500 because it exceeded the statutory maximum fine of $500 for the offense). The trial court shall also reduce the surcharge amount listed in Gonse's judgment and sentence from $375 to $250. A surcharge shall be 5% of "any fine for any criminal offense prescribed by law." § 938.04, Fla. Stat. (2004).
Gonse raises two other claims on appeal that are without merit; we therefore do not further address them.
Affirmed in part, reversed in part, and remanded.
STRINGER and WALLACE, JJ., Concur.