MORRIS, Judge.
 

 Gary Raymond Suit appeals the denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Suit argues that his habitual offender sentence is illegal pursuant
 
 *868
 
 to
 
 Hale v. State,
 
 630 So.2d 521 (Fla.1993). The postconviction court found that the instant motion was successive because the
 
 Hale
 
 issue had been previously raised and denied by orders entered in 1997 and 2008. We conclude that the procedural bar was improperly applied and reverse for the postconviction court to address the claim on its merits.
 

 Suit was tried by a jury and found guilty of burglary of a dwelling, grand theft, and carrying a concealed firearm. After trial, he entered a plea to possession of a firearm by a convicted felon. That offense was included in the information but had been severed for trial. All offenses occurred in May 1991. In May 1992, he was sentenced to thirty years in prison for the burglary in count one. For each of the other counts, he received a term of ten years’ probation consecutive to count one but concurrent with each other. He was sentenced as a habitual felony offender as to all counts.
 

 The supreme court decided
 
 Hale
 
 in 1993, establishing that habitual offender sentences for multiple crimes committed during a single criminal episode could not be ordered to run consecutively. 630 So.2d at 525. Suit filed a motion to correct an illegal sentence in June 1997, raising the
 
 Hale
 
 issue. The postconviction court treated it as a rule 3.850 motion and denied it as untimely in July 1997, citing
 
 State v. Callaway,
 
 658 So.2d 983 (Fla.1995), and
 
 Lock v. State,
 
 668 So.2d 1081 (Fla. 2d DCA 1996), and explaining that the window for filing a
 
 Hale
 
 claim closed on February 9, 1996. Suit filed a second motion to correct illegal sentence in September 2008. The postconviction court denied this motion as successive.
 

 The present motion to correct illegal sentence was filed in October 2009, and in it Suit contends that the Florida Supreme Court in
 
 Dixon v. State,
 
 730 So.2d 265 (Fla.1999), extended the time to file a
 
 Hale
 
 claim, which rendered timely his first motion filed in June 1997. Suit argues on appeal that the postconvietion court’s application of the procedural bar results in a manifest injustice because his claim was timely initially but was never addressed on the merits. He asserts that his claim is cognizable in a rule 3.800(a) motion because an examination of the record will show that the offenses were committed during a single criminal episode.
 

 In response, the State acknowledges that Suit’s first motion raising the
 
 Hale
 
 claim was timely under rule 3.850 pursuant to the window period established by
 
 Dixon.
 
 The State concedes that the order should be reversed and that on remand the postconviction court should determine whether the available trial record demonstrates that the offenses were committed during a single criminal episode.
 

 Dixon
 
 held that a
 
 Hale
 
 claim was preserved if it was filed within two years of the issuance of the mandate in
 
 Callaway
 
 on August 16, 1995.
 
 Dixon,
 
 730 So.2d at 265-66. The postconviction court did not have the benefit of
 
 Dixon
 
 when it decided Suit’s first motion in July 1997. Because
 
 Dixon
 
 changed the law on the
 
 Hale
 
 window period and Suit’s original motion was timely under
 
 Dixon,
 
 the successiveness doctrine will not bar reconsideration of the claim.
 
 See Crotts v. State,
 
 795 So.2d 1020, 1021 (Fla. 2d DCA 2001).
 

 Suit may be entitled to resentencing pursuant to
 
 Hale
 
 if the record in the trial court demonstrates that the offenses were committed during a single criminal episode.
 
 See West v. State,
 
 790 So.2d 513, 515 (Fla. 5th DCA 2001) (finding a
 
 Hale
 
 violation on the face of the record and vacating probationary sentence that had been imposed consecutively to prison term). The postconviction court must determine if the record demonstrates that
 
 *869
 
 the offenses arose from a single criminal episode. Suit has identified in his motion those portions of the record, including the trial transcripts, that will support a finding that the offenses were committed during a single criminal episode. Accordingly, we reverse the order denying Suit’s motion and remand for the postconviction court to address the claim.
 

 Reversed and remanded.
 

 KELLY and WALLACE, JJ., Concur.