PER CURIAM.
We affirm the denial of appellant’s motion to correct illegal sentence as the dual habitual offender and prison releasee reof-fender sentencing is permissible as is the consecutive sentencing of the two separate lower court cases. See Hale v. State, 630 So.2d 521, 525 (Fla.1993); see also Grant v. State, 770 So.2d 655 (Fla.2000). However, we remand the matter to the trial court to correct a scrivener’s error. The State recognizes the error within the written sentencing documents which reflects consecutive sentencing of one of three counts within LT03-10525 while the trial court verbally announced that all of those counts were to run concurrently. It is not necessary for appellant to be present in court to correct the error.
MAY, C.J., STEVENSON and GERBER, JJ., concur.