PER CURIAM.
Appellant was convicted of false imprisonment and felony battery after an incident with his ex-girlfriend that took place in July 2012. He was designated a habitual felony offender (HFO) on both counts and sentenced to 90.375 months in prison followed by 5 years probation. The trial court ordered the sentences to be served consecutively.
Appellant raises three issues in this direct appeal. First, he argues that the trial court abused its discretion in excluding certain evidence at trial. Second, he contends that the trial court erred in imposing consecutive HFO sentences. Third, he argues that the Criminal Punishment Code (CPC) scoresheet and order of probation contain scrivener’s errors in that they incorrectly indicate that he entered a plea in this case.
We affirm the first issue without comment. As to the second issue, we agree with Appellant. The trial court is prohibited from imposing consecutive HFO sentences for offenses that were committed during a single criminal episode. See Hale v. State, 630 So.2d 521, 524-25 (Fla.1994). Accordingly, although we affirm Appellant’s convictions, we reverse his sentences and remand for re-sentencing in accordance with the restrictions on enhanced sentencing. On remand, the trial court should correct the CPC scoresheet and order of probation to reflect that Appellant was found guilty by a jury verdict. See Murray v. State, 164 So.3d 1251 (Fla. 1st DCA2015).
AFFIRMED in part; REVERSED in part; REMANDED with instructions.
WOLF and BILBREY, JJ., and HULSLANDER, VICTOR L., Associate Judge, concur.