PER CURIAM.
The defendant, Bob Michael Champagne, appeals from convictions and sentences. We affirm in part; reverse in part, and remand for resentencing.,
The jury found the defendant guilty of three counts of armed robbery. All counts arose from a single criminal episode. The trial court found the defendant to be a habitual violent felony offender and sentenced him to life in prison. The sentences for each charge were ordered to run consecutive to each other, with concurrent minimum mandatory sentences.
Based on the authority of Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), and Hill v. State, 645 So.2d 90 (Fla. 3d DCA 1994), we reverse the defendant’s sentences and remand for resentencing with directions to impose concurrent sentences.
The remaining points raised by the defendant present no reversible error. Accordingly, we affirm the defendant’s convictions.
Affirmed in part; reversed in part and remanded for resentencing consistent with this opinion.
ON MOTION TO CERTIFY QUESTION OF GREAT PUBLIC IMPORTANCE
We grant the appellee’s motion to certify a question of great public importance. This court’s opinion that was released on February 1, 1995, is amended to certify the same question certified in Hill v. State, 645 So.2d 90 (Fla. 3d DCA 1994), as being one of great public importance:
Whether Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), precludes under all circumstances the imposition of consecutive sentences for crimes arising from a single criminal episode for habitual felony or habitual violent felony offenders?
Question certified.