660 So.2d 1384 (1995)
STATE of Florida, Petitioner,
v.
Jonathan HILL, Respondent.
No. 84727.
Supreme Court of Florida.
October 5, 1995.
Robert A. Butterworth, Attorney General; and Lucrecia R. Diaz and Mark Rosenblatt, Assistant Attorneys General, Miami, for Petitioner.
Bennett H. Brummer, Public Defender and Julie M. Levitt, Assistant Public Defender, Miami, for Respondent.
OVERTON, Justice.
We have for review Hill v. State, 645 So.2d 90 (Fla. 3d DCA 1994), in which the district *1385 court certified the following question as being one of great public importance:
Whether Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (U.S. 1994), precludes under all circumstances the imposition of consecutive sentences for crimes arising from a single criminal episode for habitual felony or habitual violent felony offenders.
Hill, 645 So.2d at 91. We have jurisdiction.[1] For the reasons expressed, we answer the question in the affirmative and approve Hill.
The record reflects the following pertinent facts. Hill was convicted of burglary of an unoccupied vehicle, grand theft of a motor vehicle, and possession of burglary tools. The trial judge sentenced Hill as a habitual violent felony offender to ten years on each conviction with the sentences to run consecutively.[2] On appeal, the Third District Court of Appeal reversed on the authority of this Court's decision in Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). The district court noted that Hale stood for the rule that a habitual offender could receive only concurrent  not consecutive  sentences where the offenses arose from the same criminal episode. The court expressly rejected the State's assertion that Hale applied only to minimum mandatory sentences and certified the aforementioned question.
The State argues that Hale and its predecessors, Palmer v. State, 438 So.2d 1 (Fla. 1983), and Daniels v. State, 595 So.2d 952 (Fla. 1992), stand only for the rule that the minimum mandatory portion of an enhanced habitual offender sentence may not be imposed consecutively to any other enhanced minimum mandatory sentence arising from the same criminal episode. The State also argues that the expansion of the Hale rule to the facts of this case would render the habitual offender statutes meaningless. According to the State, under the sentencing guidelines, Hill's offenses support a recommended sentencing range of 22 to 27 years and a permitted range of 17 to 40 years; but under the district court's interpretation of Hale, Hill has an effective sentence of 10 years. Thus, under the district court's decision, Hill has received a downward departure from the sentencing guidelines even though he was sentenced under a statute that was intended to provide a more severe sanction for habitual offenders. Alternatively, the State argues, even if this Court agrees with the district court that Hale precludes the imposition of consecutive basic sentences, an exception should be made in this case where the resulting sentence is clearly less than the sentence provided in the sentencing guidelines.
Hill, on the other hand, argues that this Court's decision in Hale clearly applies to the instant case and that the State is merely relitigating the same issues unanimously decided by the Court in Hale. Additionally, he notes that, although the State has set forth the range permitted by the sentencing guidelines, the fact is that Hill could have been sentenced to a statutory maximum of only fifteen years based on his offenses.[3]
We find that our decision in Hale conclusively disposes of the instant case. In Hale, we relied on our earlier decision in Daniels, stating:
[W]e find that Hale's enhanced maximum sentences must run concurrently... . We find nothing in the language of the habitual offender statute which suggests that the legislature ... intended that, once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively.
...
We conclude that, under the statutory penalty for each offense, the trial court may sentence this defendant separately for [the offenses committed], and make each sentence consecutive to the other. However, the trial court is not authorized, in our view, to both enhance Hale's sentence as a *1386 habitual offender and make each of the enhanced habitual offender sentences for the [offenses committed] consecutive, without specific legislative authorization in the habitual offender statute.
630 So.2d at 524-25. We issued Hale in 1993. Daniels was issued in 1992. To date, the legislature has not enacted legislation modifying the statute upon which the holding in those cases was based. Until it does so, we find that a trial court is without authority to enhance sentences from multiple crimes committed during a single criminal episode by both sentencing a defendant as a habitual offender and ordering that the sentences be served consecutively.[4] As to the State's request that we create an exception to this rule for the circumstances presented here, we find that such an exception is not within our authority and that any change in the law regarding enhanced sentences is solely within the province of the legislature.[5]
Accordingly, we answer the certified question in the affirmative and approve the district court's decision.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion.
WELLS, Justice, dissenting.
I dissent because I do not believe that it is necessary to wait for the legislature for this Court to recognize that the reach of Hale v. State, 630 So.2d 521 (Fla. 1993), is too far if it requires an affirmative answer to this certified question. I believe we should narrow Hale and quash the decision of the district court in this case.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] The sentence for the burglary of an unoccupied vehicle conviction included a five-year mandatory term.
[3] Hill notes that, under the sentencing guidelines, the maximum sentence he could have received was fifteen years because the offenses at issue were third-degree felonies carrying a statutory maximum of five years.
[4] Our finding here is consistent with our recent decision in Jackson v. State, 659 So.2d 1060 (Fla. 1995). In Jackson we determined that Daniels and Hale mandated that a minimum mandatory sentence for possession of a firearm must run concurrent with a habitual offender minimum mandatory sentence arising out of the same criminal episode given that both of those minimum mandatory sentences are enhancements.
[5] Hill also asserts that the trial court deprived him of his right to a fair and impartial trial because it failed to conduct a proper inquiry pursuant to State v. Neil, 457 So.2d 481 (Fla. 1984). The district court found this issue to be without merit, and we decline to address that issue in this appeal.