PER CURIAM.
In case 94r-2331, Eduardo Cobas appeals his convictions for burglary of a dwelling, grand theft, and obstructing an officer. In case 95-1572, Cobas appeals the revocation of his probation based on the above stated convictions, the imposition of life sentences for second-degree and third-degree felonies and his sentencing as a habitual offender. We affirm the convictions under review, however, upon review of the record and the state’s concession, we vacate the following sentences and remand for resentencing.
As the state concedes in lower court case 92-24864, the trial court erred in sentencing Cobas to consecutive terms where the sentences had been enhanced pursuant to *839 section 775.084, Florida Statutes (1995). State v. Hill, 660 So.2d 1384 (Fla.1995); Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, - U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). Also, the enhanced statutory maximum sentence allowed for a second-degree felony is thirty years. § 775.084, Fla.Stat. (1995). The enhanced statutory maximum sentence allowed for a third-degree felony is ten years. § 775.087, Fla.Stat. (1995). Thus, appellant is correct in his claim that the trial court erred in imposing life sentences upon revocation of probation for the second-degree and third-degree felonies at issue in lower court ease 89-10806. Finally, the trial court erred in imposing a habitual offender sentence in lower court case 89-33369, where Cobas was not given prior notice of the intent to seek enhanced penalties before the plea was accepted.
Accordingly, Cobas’s probation revocation and convictions are affirmed. The cause is remanded for the trial court to order concurrent sentences in case 92-24864, the statutory maximum sentences as provided by section 775.084, Florida Statutes (1995) in case 89-10806, and five years in lower court case 89-33369.