701 So.2d 653 (1997)
Darryl PARKS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1212.
District Court of Appeal of Florida, Fourth District.
November 19, 1997.
*654 Darryl Parks, Arcadia, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant was convicted of first degree felony murder and three counts of armed robbery. He was sentenced as a habitual violent felony offender. On the murder conviction, appellant was sentenced to life in prison with a twenty-five year mandatory minimum. On each of the three armed robbery convictions, appellant was sentenced to life in prison with a three year firearm mandatory minimum and a fifteen year habitual violent felony offender mandatory minimum. Each armed robbery sentence was imposed concurrent to one another, but consecutive to the murder sentence. We issued a PCA on appellant's direct appeal. Subsequently, his rule 3.850 motion was summarily denied. We affirm in part, reverse in part and remand.
The only error perceived by us in the summary denial is with respect to appellant's sentence. Appellant argues that the consecutive mandatory minimum portions of his sentence for first degree murder and three counts of armed robbery are illegal because they arose from a single criminal episode. We agree.
That portion of appellant's sentences which imposed a three year firearm mandatory minimum on the robberies consecutive to the twenty-five year mandatory minimum for the first degree murder conviction is illegal. See Boler v. State, 678 So.2d 319 (Fla.1996) (twenty-five year mandatory minimum on life sentence for first degree felony murder cannot be imposed consecutively to three year mandatory minimum term for use of firearm in consecutive life sentence for robbery).
Likewise, the fifteen year habitual violent offender mandatory minimum sentences on the three robbery convictions were required to run concurrently with the twenty-five year mandatory minimum on the murder sentence. See Pangburn v. State, 661 So.2d 1182 (Fla.1995) (habitual offender mandatory minimum sentence for robbery must run concurrently with sentences imposed for two first degree murder convictions).
Therefore, we reverse and remand for resentencing in accordance with this opinion.
GLICKSTEIN, POLEN and KLEIN, JJ., concur.