876 So.2d 692 (2004)
John KIEDROWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-2554.
District Court of Appeal of Florida, First District.
June 29, 2004.
*693 John Kiedrowski, pro se, for appellant.
Charlie Crist, Attorney General; Robert R. Wheeler and Sherri T. Rollison, Assistants Attorney General, Tallahassee, for appellee.

ON MOTION FOR REHEARING
WOLF, C.J.
Appellee's motion for rehearing is denied. This court's opinion dated April 28, 2004, however, is hereby withdrawn and substituted with the following corrected opinion.
Appellant challenges the order entered by the trial court granting partial relief on his motion to correct an illegal sentence based on Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). The issue before us is whether imposition of a non-habitual felony offender sentence following a habitual felony offender (HFO) sentence which has been enhanced to the statutory maximum, where both counts arise out of a single criminal episode, violates the dictates of Hale. We find that under the facts of this case it does, and we vacate the sentence.
Appellant pled guilty to aggravated assault and grand theft auto.[1] According to the plea agreement, the court sentenced him as a habitual felony offender as to both offenses. He was sentenced to 10 years for the first offense and 2 years for the second offense, with the sentences to run consecutively.
Appellant filed a Motion for Correction of Illegal Sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, arguing that under Hale his sentences should have run concurrently, not consecutively, because they stemmed from the same incident involving the same victims. The trial court granted defendant's motion to correct an illegal sentence pursuant to Hale, finding that appellant's offenses were committed in a single criminal episode. An Amended Order on Defendant's Motion to Correct Illegal Sentence was entered, striking the habitual felony offender designation as to one count, but continuing to run the sentences as to each count consecutively. As a result, the terms of imprisonment and probation combined continue to be 12 years.
In Hale the supreme court held that sentences for multiple crimes arising from a single criminal episode cannot be both enhanced under the habitual felony offender statute and imposed consecutively. Id. at 524-525. The dictates of Hale have been expanded by subsequent case law.
In a number of cases, including Benjamin v. State, 667 So.2d 437 (Fla. 2d DCA 1996), the Second District has held that imposition of a sentence of probation as a habitual offender, following a period of incarceration as a habitual offender, "was improper under the dictates of Hale v. State." In Fuller v. State, 867 So.2d 469, 29 Fla. L. Weekly D364 (Fla. 5th DCA Feb.6, 2004), the Fifth District was dealing with an issue which is similar to the one presented to us in this case. In that case a trial judge confronted with a motion to correct an illegal sentence simply removed the habitual offender designation from a probationary sentence which was imposed consecutive to a period of incarceration as a habitual offender. In Fuller the Fifth District held that the sentence as modified still violated the dictates of Hale, but noted conflict with our case of Davis v. State, 710 So.2d 1051 (Fla. 1st DCA 1998).
In Davis, we found that a term of probation on one count following a term of imprisonment *694 as a habitual offender on another count was not erroneous because the defendant was not declared to be a habitual offender as to the second count. Davis, 710 So.2d at 1051-1052. The State argues that we should follow Davis. However, Davis is silent as to whether the combined sentence of imprisonment and probation exceeded the statutory maximum allowed under the habitual felony offender statute. In the instant case the combined sentences do exceed the statutory maximum. We find this to be a critical distinction.
Both the aggravated assault and grand theft auto crimes were third degree felonies. §§ 784.021(2) and 812.014(2)(c)(6), Fla. Stat. (1997). Therefore, the maximum sentence appellant could receive on each count without any enhancement would be 5 years, or a total of 10 years if run consecutively. § 775.082(3)(d), Fla. Stat. (1997). Pursuant to the habitual felony offender statute, appellant's sentences could have been enhanced "[i]n the case of a felony of the third degree, for a term of years not exceeding 10, and such offender shall not be eligible for release for 5 years." § 775.084(4)(b)(3), Fla. Stat. (1997). Thus, the mandatory minimum under the habitual felony offender statute is 5 years for each offense; the maximum sentence is 10 years for each offense, which must run concurrently under Hale.
By enhancing only one count and running it consecutively to the second count, appellant was sentenced to 12 years. This sentence exceeds the statutory maximum if both sentences had been enhanced under section 775.084 and run concurrently, or if neither had been enhanced and run consecutively. As such the appellant's sentence violates Hale. Although appellant was not sentenced to the mandatory minimum of 5 years for the second offense, as explained in State v. Hill, 660 So.2d 1384 (Fla.1995), the requirement that sentences run consecutively is not limited to only the minimum mandatory portion of a total sentence:
The State argues that Hale and its predecessors, Palmer v. State, 438 So.2d 1 (Fla.1983), and Daniels v. State, 595 So.2d 952 (Fla.1992), stand only for the rule that the minimum mandatory portion of an enhanced habitual offender sentence may not be imposed consecutively to any other enhanced minimum mandatory sentence arising from the same criminal episode.
...
To date, the legislature has not enacted legislation modifying the statute upon which the holding in those cases was based. Until it does so, we find that a trial court is without authority to enhance sentences from multiple crimes committed during a single criminal episode by both sentencing a defendant as a habitual offender and ordering that the sentences be served consecutively.
Id. at 1385-1386 (italics in original, bold emphasis added); see also Pangburn v. State, 661 So.2d 1182 (Fla.1995) (holding HFO mandatory minimum sentence for robbery must run concurrently with sentences imposed for non-HFO first degree murder convictions); Parks v. State, 701 So.2d 653, 654 (Fla. 4th DCA 1997) (holding fifteen year HFO mandatory minimum sentences on the three robbery convictions were required to run concurrently with the twenty-five year non-HFO mandatory minimum on the murder sentence).
Here appellant was sentenced as an habitual felony offender, and his sentences for the multiple crimes committed during a single criminal episode were to be served consecutively. Although these cases may be distinguished by the fact that the non-HFO sentences were neither enhanced nor involved other minimum mandatory statutes, the fact that appellant's sentence exceeds *695 the 10-year total sentence he could have received as an habitual felony offender violates the reasoning and the spirit of Hale. We find that Davis is not controlling, and therefore, we vacate the sentence and remand for resentencing.
PADOVANO and POLSTON, JJ., concur.
NOTES
[1] A count of aggravated assault was nol prossed as part of the plea agreement.