PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion to correct illegal sentence in which he alleged that his consecutive habitual sentences for offenses that occurred in one continuous criminal episode are illegal as announced in Hale v. State, 630 So.2d 521, 524-25 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). Because the appellant has stated a facially sufficient claim for relief and the appellant’s motion, state’s response to the trial court’s order to show cause, and the trial court’s order demonstrate that he is entitled to relief, we reverse and remand. See Valdes v. State, 765 So.2d 774, 776 (Fla. 1st DCA 2000) (holding that a Hale claim is cognizable in a rule 3.800(a) motion so long as it is apparent on the face of the record).
We reject the state’s argument that the appellant’s habitual sentences were not en *881 hanced under section 775.084(4), Florida Statutes (1991), because the term of years did not exceed the statutory máximums therein. In State v. Hill, 660 So.2d 1384, 1384 (Fla.1995), the Supreme Court unequivocally held that “Hale ... precludes under all circumstances the imposition of consecutive sentences for crimes arising from a single criminal episode for habitual felony or habitual violent felony offenders.” (Emphasis added.)
We accordingly reverse the trial court’s summary denial of the appellant’s motion and remand for the trial court to either, sentence the appellant consistent with Hale and Hill or attach record portions to conclusively refute his claim.
REVERSED AND REMANDED.
WOLF, C.J., and ALLEN and BENTON, JJ., concur.