996 So.2d 964 (2008)
Terry HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-5130.
District Court of Appeal of Florida, First District.
December 24, 2008.
Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Terry Hamilton appeals summary denial of two claims he raised in a motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of one claim, but reverse and remand as to the other.
Citing Hale v. State, 630 So.2d 521 (Fla. 1993), Mr. Hamilton contends the court *965 below erred in ruling lawful the sentencing court's imposition of sentences for misdemeanor offenses consecutive both to one another and to two, concurrent[1] habitual felony offender sentences. See § 775.084, Fla. Stat. (2004). Our supreme court has held that a trial court may not further enhance habitual offender sentences for felonies committed during a single criminal episode by imposing them consecutively. See Hale, 630 So.2d at 524-25; see also State v. Hill, 660 So.2d 1384, 1385-86 (Fla. 1995). Appellant argues that even his misdemeanor sentences must run concurrently with his habitual felony sentences because all four convictions, he claims, arose from a single criminal episode.[2]
We have held that consecutive sentences on two felony counts did not, although arising from a single criminal episode, constitute reversible error where the trial court sentenced a defendant as a habitual felony offender with respect to only one of the counts. See Davis v. State, 710 So.2d 1051, 1051-52 (Fla. 1st DCA 1998). Six years later, however, in considering whether a trial court had cured a Hale violation by removing the habitual felony offender designation on one of two felony counts while leaving the sentence lengths on both counts the same, we held that, Davis notwithstanding, the amended sentences, in the aggregate, ran afoul of Hale because they "exceed[ed] the statutory maximum if both sentences had been enhanced under section 775.084 [the habitual offender statute] and run concurrently, or if neither had been enhanced and run consecutively." Kiedrowski v. State, 876 So.2d 692, 694 (Fla. 1st DCA 2004).
The Kiedrowski decision acknowledged that a non-habitual felony offender sentence could be made to run consecutively to a habitual felony offender sentence for felony offenses arising out of the same criminal episode, but held that such sentences violate Hale where, when combined, their length exceeds the maximum the defendant could have received under the habitual offender statute. See Kiedrowski, 876 So.2d at 694 ("Davis is silent as to whether the combined sentence of imprisonment and probation exceeded the statutory maximum allowed under the habitual felony offender statute. In the instant case the combined sentences do exceed the statutory maximum. We find this to be a critical distinction."). But see Fuller v. State, 867 So.2d 469, 470 (Fla. 5th DCA 2004) (holding that "[t]he whole point in Hale is that once the habitual offender sentencing scheme is utilized to enhance a sentence beyond the statutory maximum on one or more counts arising from a single criminal episode, consecutive sentencing may not be used to further lengthen the overall sentence" and certifying conflict with Davis). Kiedrowski distinguished, and did not disavow, Davis.
On resentencing in compliance with Hale the trial court in the present case ordered appellant's two habitual offender sentences to run concurrently. Unlike the defendant in Kiedrowski, the appellant here received sentences (on the misdemeanor counts) which never were and could not in fact have been enhanced under the habitual offender statute. See § 775.084, Fla. Stat. (2004). Appellant's sentences on his misdemeanor offenses have no effect on "the statutory maximum *966 [sentence] allowed under the habitual felony offender statute." Kiedrowski, 876 So.2d at 694. Furthermore, appellant's total sentence does not exceed the maximum sentence he could have received had the trial court enhanced none of his sentences and run them all consecutively.[3]
Because appellant's sentences do not, in the aggregate, exceed the maximum he could have received if all sentences subject to enhancement under the habitual felony offender statute had been enhanced (but run concurrently), and because his sentences also do not, in the aggregate, exceed the maximum he could have received if none of his sentences had been enhanced but all had been ordered to run consecutively, he is not entitled to relief under Kiedrowski. See 876 So.2d at 694.
Appellant also argues the trial court erred in summarily denying relief on the claims of ineffective assistance of counsel he raised in ground five of his post-conviction motion, without providing record attachments conclusively refuting those claims. The state concedes that, absent record refutation, appellant is entitled to an evidentiary hearing on these claims. But, as to the sentencing claim, in light of Daviswhich held that a non-habitual offender sentence may be imposed consecutively to a habitual offender sentence even for offenses arising out of the same criminal episode, see 710 So.2d at 1051-52, and which remains, subject to Kiedrowski's qualification, binding precedent in the First Districtthe court below did not (assuming the convictions' validity) err in resentencing appellant.
Accordingly, we reverse and remand for an evidentiary hearing on the claims raised in ground five of appellant's post-conviction motion or for record attachments conclusively refuting them, see Ward v. State, 984 So.2d 650, 655 (Fla. 1st DCA 2008); Cargle v. State, 829 So.2d 366, 367 (Fla. 1st DCA 2002), but affirm the order on appeal otherwise.
BROWNING, C.J. and KAHN, J., concur.
NOTES
[1] The court below had earlier vacated consecutive habitual offender sentences of ten years on count I and life on count IV, then pronounced the same sentences, but made them run concurrently, at the subsequent resentencing, which appellant challenges here.
[2] For purposes of this appeal, we assume, without deciding, that charges on counts I through IV all arose from a single criminal episode.
[3] Appellant's total sentence in this case is life imprisonment, followed by two consecutive one-year terms. Because the trial court could have imposed a life sentence on count IV even without habitual felony offender enhancement, see § 787.01(2), Fla. Stat. (2004) ("A person who kidnaps a person is guilty of a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084."), his total sentence does not exceed the maximum sentence he could have received had the trial court imposed consecutive sentences on all counts, not enhanced under the habitual felony offender statute.