THOMAS, J.
Appellant appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we affirm.
In 2005, Appellant was convicted of aggravated assault and possession of a firearm by a convicted felon. Appellant was sentenced to consecutive terms of 10 years’ imprisonment as an habitual felony offender (HFO) on the charge of aggravated assault and 15 years’ imprisonment (non-HFO) on the charge of possession of a firearm by a convicted felon. Appellant alleges that his consecutive HFO and non-HFO sentences are illegal because the crimes occurred during a single criminal episode. See Hale v. State, 630 So.2d 521 (Fla.1993) (holding that the trial court lacked discretion to impose consecutive enhanced maximum sentences under the HVFO statute for offenses arising out of the same criminal episode).
The trial court properly denied Appellant’s motion. Although there is no ban on filing successive 3.800(a) motions, collateral estoppel prohibits a defendant from raising the same illegal sentencing claim which has already been raised in a prior postconviction motion and decided on the merits. See State v. McBride, 848 So.2d 287, 290 (Fla.2003). Here, the record attachments indicate that Appellant previously raised this identical issue in a postconviction motion and the claim was denied on the merits. Thus, the trial court properly denied the motion on the ground of collateral estoppel.
Additionally, Appellant’s motion fails on the merits. Appellant relies on Kiedrowski v. State, 876 So.2d 692 (Fla. 1st DCA 2004), where the defendant was convicted of two third-degree felonies arising from the same episode. The trial court imposed a sentence of 10 years’ imprisonment as an HFO on one count and a non-HFO sentence of 2 years’ imprisonment on the second count, but imposed both sentences consecutively. The issue presented was whether imposition of a non-HFO sentence following an HFO sentence, which had been enhanced to the statutory maximum, where both counts arose out of a single episode, violated the dictates of Hale. Id. at 693. This court noted that the total sentence of 12 years’ imprisonment was greater than that which could have been imposed if both sentences had been enhanced and ordered to run concurrently and was also greater than the sentence that could have been imposed if neither count was enhanced but the sentences had been ordered to run consecutively. Id. at 694. Thus, this court concluded that the sentences were illegal, holding that “the fact that appellant’s sentence exceeds the 10-year total sentence he could have received as an habitual felony offender violates the reasoning and the spirit of Hale.” Id. at 694-95.
Later, in Hamilton v. State, 996 So.2d 964, 966 (Fla. 1st DCA 2008), this court held:
The Kiedrowski decision acknowledged that a non-habitual felony offender sentence could be made to run consecutively to a habitual felony offender sentence for felony offenses arising out of the same criminal episode, but held that such sentences violate Hale where, when combined, their length exceeds the maximum the defendant could have received under the habitual offender statute.
The Hamilton court went on to hold that an HFO sentence imposed consecutively to *188 two non-HFO misdemeanor sentences was legal because the aggregate sentence did not exceed the maximum the defendant could receive if he was sentenced as an HFO but all sentences were to run concurrently, and because his aggregate sentence did not exceed the maximum he could have received if none of his sentences had been enhanced but all had been ordered to run consecutively. Id.
Here, Appellant was convicted of aggravated assault, a third-degree felony punishable by up to 10 years’ imprisonment as an HFO, and possession of a firearm by a convicted felon, a second-degree felony punishable by up to 30 years’ imprisonment as an HFO. See §§ 775.084(4)(a); 784.021(2); 790.23(3), Fla. Stat. (2005). Appellant’s aggregate sentence of 25 years was less than he could have received if both his sentences had been enhanced and ordered to run concurrently (30 years’ imprisonment). Appellant’s aggregate sentence, however, does exceed the total he could have received if neither conviction had been enhanced and ordered to run consecutively (20 years’ imprisonment).
We hold that the sentences in this case are legal, as they do not violate Hale. Pursuant to the reasoning of Kiedrowslci and Hamilton, consecutive HFO and non-HFO sentences imposed for crimes committed during a single criminal episode are legal if the aggregate sentence is less than that which could have been imposed if all HFO eligible convictions had been enhanced and ordered to run concurrently. But see Fuller v. State, 867 So.2d 469, 470 (Fla. 5th DCA 2004) (holding that “[t]he whole point in Hale is that once the habitual offender sentencing scheme is utilized to enhance a sentence beyond the statutory maximum on one or more counts arising from a single criminal episode, consecutive sentencing may not be used to further lengthen the overall sentence”).
AFFIRMED.
HAWKES, C.J., and BENTON, J„ concur.