PER CURIAM.
Ismael Cesar appeals the denial of a rule 8.800(a) motion to correct an illegal sentence. He does not allege that the predicate felony necessary to qualify him as a habitual violent felony offender does not exist as a matter of law, and his sentence is legal. See Bover v. State, 797 So.2d 1246 (Fla.2001).
Cesar' was on probation for four offenses including aggravated assault with a deadly weapon when he committed the offenses in this case, 04-011459 CF10A. The aggravated assault conviction qualified him for habitual violent felony offender sentencing. § 775.084(1)(b), Fla. Stat. (2004); see also State v. Richardson, 915 So.2d 86 (Fla. 2005). Contrary to the arguments in his motion, there was no illegal double enhancement. The consecutive five-year term was imposed for violations of probation in a separate case, 03^4449 CF10A. The offenses did not arise from the same criminal episode and the consecutive sentences are not illegal. See State v. Hill, 660 So.2d 1384, 1386 (Fla.1995). The circuit court’s order is affirmed.

Affirmed.

MAY, C.J., STEVENSON and CIKLIN, JJ., concur.