DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILBERT HOLLINS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-411

[November 22, 2017]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 501990CF005212A.

Wilbert Hollins, Indiantown, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant appeals from the trial court's order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. We affirm.

The defendant was convicted of attempted first degree murder with a firearm and kidnapping. On the attempted first degree murder conviction, the trial court imposed an upward departure sentence of life with a three-year mandatory minimum for the firearm. On the kidnapping conviction, the trial court imposed a consecutive habitual felony offender sentence of life with a fifteen-year mandatory minimum.

We affirmed the convictions, but reversed the upward departure sentence for attempted first degree murder, and remanded with directions to impose a guidelines sentence. *Hollins v. State*, 608 So. 2d 546 (Fla. 4th DCA 1992).

On remand, the trial court sentenced the defendant to forty years for attempted first degree murder, consecutive to the habitual offender

sentence of life for kidnapping. We affirmed that sentence. *Hollins v. State*, 636 So. 2d 519 (Fla. 4th DCA 1994).

The defendant later filed a rule 3.800(a) motion to correct illegal sentence. In his motion, the defendant argued that his consecutive sentences were illegal under *Hale v. State*, 630 So. 2d 521 (Fla. 1993). In *Hale*, our supreme court held that once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the sentences must run concurrently. *Id.* at 524-25. The trial court summarily denied the defendant's motion.

This appeal followed. We initially recognize we have relied on *Hale* to hold that a non-habitual offender sentence cannot run consecutively to a habitual offender sentence that exceeded the statutory maximum for the degree of felony subject to enhanced sentencing. *See, e.g., Peel v. State*, 970 So. 2d 946, 946 (Fla. 4th DCA 2008). *But see Mills v. State*, 23 So. 3d 186 (Fla. 1st DCA 2009) ("[C]onsecutive HFO and non-HFO sentences imposed for crimes committed during a single criminal episode are legal *if the aggregate sentence is less than that which could have been imposed if all HFO eligible convictions had been enhanced and ordered to run concurrently.*") (emphasis added).

However, the defendant's rule 3.800 motion here was facially insufficient. He failed to allege how the court records demonstrate that his crimes were committed during the same criminal episode. *See* Fla. R. Crim. P. 3.800(a) ("A court may at any time correct an illegal sentence imposed by it . . . when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . .").

Accordingly, we affirm the denial of the defendant's motion on the ground discussed above. Our affirmance is without prejudice to the defendant filing another rule 3.800(a) motion if he can allege how the court records demonstrate that his crimes were committed during the same criminal episode. The remainder of the defendant's arguments in his initial brief were not raised in his motion, and thus were not preserved.

*Affirmed without prejudice.*

GERBER, C.J., WARNER and KUNTZ, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**