PLEUS, J.
Engrain appeals his judgment and sentence for felony battery. He argues that the trial court erred by denying his motions for mistrial after the jury heard two references to collateral crimes and one comment on his right to remain silent. He also argues that the trial court erred by increasing his sentence after he had begun *1124 serving it. We affirm the judgment without discussion but vacate the sentence and remand with directions to impose the original sentence.
At the sentencing hearing on November 12, 2002, the state requested that Engram be sentenced both as a habitual offender (HO) and a prison releasee reoffender (PRR), but the trial judge did not think both classifications were proper for a single offense. Consequently, the judge designated Engram a PRR and sentenced him to five years in prison.
Three days later, on November 15, 2002, Engram was brought back to court, where the trial judge stated that both designations should have been imposed. He also noted that under the current ease law, it was necessary to make the habitual offender sentence longer than the PRR sentence. Thus, he vacated the original sentence, imposed a new sentence of five years and one month and designated Engram a PRR and an HO.
Engram correctly argues that imposition of a harsher sentence after a defendant has already begun serving his original sentence violates double jeopardy principles. Ashley v. State, 850 So.2d 1265 (Fla.2003); Grant v. State, 770 So.2d 655 (Fla.2000). The state concedes this point. The trial judge was under the mistaken impression that he was required to impose the HO sentence when, in fact, it was discretionary. See State v. Cotton, 769 So.2d 345 (Fla.2000). Accordingly, we vacate the sentence and remand for imposition of the original sentence.
SENTENCE VACATED; REMANDED.
SAWAYA, C.J., and ORFINGER, J., concur.