PALMER, J.
Christopher Duncan (defendant) appeals his sentences, contending that the trial court improperly amended his sentences more than 30 days after it had granted his rule 3.800(b)[1] motion, and further that the trial court improperly increased his sentences after he had already begun to serve same, thereby violating his double jeopardy rights. We agree and, therefore, reverse.
The defendant entered a plea of guilty in three separate cases; to wit: Case numbers 02-35530, 02-35182, and 02-35225. Case number 02-35182 involved charges of burglary of a dwelling and two counts of dealing in stolen property. Case number 02-35530 involved two counts of dealing in stolen property. Case number 02-35225 involved one count of burglary of a dwelling and one count of grand theft. In exchange for the defendant’s plea, the State agreed as follows:
This would be a habitual offender sentence. And it would be the higher-of either 15 years’ Department -of Corrections or whatever he scores low end with- probation to follow, the amount, up to the Court. All these cases would be concurrent.
The trial court accepted the pleas and then deferred sentencing.
At the sentencing hearing, the trial court sentenced the defendant as follows. In case number 02-35225 the defendant received a term of 15 years’ imprisonment on count I and a consecutive term of 5 years’ probation on count II. In case number 02-35182, the defendant received 15 years’ imprisonment on count I, 15 years’ imprisonment on count II, and a consecutive term of 5 years’ probation on count III. In case number 02-35530, the defendant was sentenced to 15 years’ imprisonment on count I and a consecutive term of 5 years’ probation on count II. Also, in case numbers 02-35182 and 02-35225, the trial court adjudicated the defendant to be a habitual felony offender. No contemporaneous objections were raised by the defendant regarding his sentences.
Four months after sentencing, the defendant filed a motion to correct his sentence, citing to rule 3.800(b)(2) of the Florida Rules of Criminal Procedure and alleging that the trial court had imposed an illegal sentence in case number 02-35225 since the consecutive nature of the sentences imposed were prohibited under Hale v. State, 630 So.2d 521 (Fla.1993). The State filed a response in which it agreed that the trial court was required to impose the sentence on count I concurrent with that imposed on count II. The trial court thereafter entered an order granting the defendant’s motion and ordering that the sentences be modified'to run concur *957 rently, rather than consecutively. It did so without conducting a hearing, citing to the fact that State had conceded error.
One week later, the State filed a motion to vacate the amended sentencing order. The trial court conducted a hearing on the State’s motion. At the hearing, the defendant objected, arguing that since he had already begun to serve his time on the amended sentencing order it would be illegal for the court to amend the sentence. However, the trial court granted the State’s motion and resentenced the defendant.
Four months later, the State filed a separate motion to correct the defendant’s sentence, citing to rule 3.800(b), alleging that the earlier resentencing order was entered without jurisdiction because it was entered beyond the time limits provided by rule 3.800. The State then requested that the trial court vacate the defendant’s amended sentencing order and resentence him in accordance with the terms of his plea agreement. Following a hearing, at which the defendant again objected to the State’s request, the trial court entered an order resentencing the defendant to a 15 year term of imprisonment followed by 5 years of probation on count I, and a concurrent term of 5 years’ imprisonment on count II. This appeal timely followed.
The defendant argues that his sentence should be reversed because the trial court lacked jurisdiction to amend the sentence under rule 3.800(b). We agree.
Rule 3.800(b) of the Florida Rules of Criminal Procedure provides:
Rule 3.800. Correction, Reduction, and Modification of Sentences '
* ⅜ *
(b) Motion to Correct Sentencing Error. A motion to correct any sentencing error, including an illegal sentence, may be filed as allowed by this subdivision.... Motions may be filed by the state under this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener’s error.
(Emphasis added).
By the time the trial court entered the instant re-sentencing order, the court lacked the authority to award the State any post-sentencing relief under rule 3.800. In that regard, the State’s request for sentencing relief did not include a claim that either “benefited the defendant” or “corrected a scrivener’s error” as required under the rule. -Rather, the State was simply seeking to recover for the fact that in its response -to the defendant’s rule 3.800 motion the State agreed to the imposition of concurrent sentencing, thereby waiving its right to seek alternative sentencing.
Additionally, since the defendant had already begun to serve the sentence which was legally imposed upon him in October 2003, the trial court could not legally increase it. See Engram v. State, 853 So.2d 1123 (Fla. 5th DCA 2003)(holding that the imposition of a harsher sentence after a defendant has already begun serving his original sentence violates double jeopardy principles). Accordingly, the trial court erred in awarding the State its request for rule 3.800 resentencing relief.
Sentences REVERSED and Cause REMANDED for resentencing in compliance with this opinion.
ORFINGER and MONACO, JJ., concur.

. See Fla.R.Crim.P. 3.800(b).