ON CONCESSION OF ERROR

PER CURIAM.
Reginald M. Greenwich appeals his judgment and sentence. He argues that *610 the judgment fails to accurately reflect his convictions, and that the trial court erred by increasing his sentence after he had begun serving it. We agree, and remand with directions to correct the judgment and to impose the original sentence.
Greenwich was charged with several felonies. Following a jury trial, he was convicted of the misdemeanor offenses of domestic violence battery, trespass in a structure, battery, and assault. At the sentencing hearing held on December 16, 2009, Greenwich was sentenced to time served for the trespass and assault convictions and to concurrent terms of 364 days in the county jail on each of the battery charges. However, the written judgment and sentence fails to reflect either the trespass or assault convictions.[1]
For reasons not apparent from the record, a second sentencing hearing was conducted on January 22, 2010. At the conclusion of that hearing and over Greenwich’s objection, the trial court re-sentenced him to consecutive terms of one year in the county jail on each of the battery charges, followed by two six-month terms of probation to be served consecutively to the jail sentences for the two remaining misdemeanors. The net result of the resentencing was a sentence enhanced from one year in the county jail to two years in the county jail followed by a year of probation.
On appeal, Greenwich contends, and the State properly concedes, two errors in the sentencing process. First, the original judgment erroneously indicated that the court had set aside the trespass and assault convictions. In fact, Greenwich was sentenced to time served on both those counts. On remand, the judgment should be corrected accordingly. Second, the court erred when it resentenced Greenwich to a greater term, as he had begun serving his sentence and the imposition of a harsher sentence violates double jeopardy principles. See Engram v. State, 853 So.2d 1123, 1124 (Fla. 5th DCA 2003).
For these reasons, on remand, the trial court shall correct its judgment to reflect that Greenwich received time served for the trespass and assault convictions and reimpose the sentences orally pronounced for the remaining two charges.
REVERSED and REMANDED.
ORFINGER, TORPY and JACOBUS, JJ., concur.

. The plea and sentence order stated: "The Court set aside the two lessers of the verdict form. The higher lesser of the verdict form will stand.” We are not sure what this means.